FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 14

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF LAKEWOOD, a municipal corporation of the State of Washington, | No. 42972-1-II |
| Respondent, | |
| v. | |
| DAVID KOENIG, individually, | PUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — David Koenig appeals from the trial court's order denying his request for costs and attorney fees under former RCW 42.56.550(4) (2005). Koenig originally filed a request for records under the Public Records Act (PRA), ch. 42.56 RCW, with the City of Lakewood (City); the City's response to the request included some documents with driver's license numbers redacted. After Koenig refused to confirm that the City had complied with his request, the City sued for declaratory judgment. The trial court granted summary judgment in favor of the City and denied Koenig's request for costs and attorney fees. In this appeal, Koenig argues that because the City's response was deficient, he is entitled to costs and attorney fees

regardless of whether the driver's license numbers are exempt. We hold that Koenig is entitled to costs and attorney fees because the City failed to provide Koenig with a brief explanation of the basis for not providing the records requested and thereby violated RCW 42.56.210(3) (the "brief explanation" requirement). Accordingly, we reverse the trial court's denial of Koenig's attorney fee request and remand for entry of an award of attorney fees in accord with this opinion. Former RCW 42.56.550(4).

## FACTS

On October 6, 2007, Koenig submitted three public records requests to the City. The first request included "all records about the arrest and prosecution of a Lakewood Police Detective." Clerk's Papers (CP) at 10. Koenig's second request included "all records about the arrest and prosecution of a Tacoma Police Officer by the name of Michael Justice." CP at 12. The third request included "all records about an auto accident that occurred in the City of Fife." CP at 14.

The City responded to Koenig's request on November 30, 2007. The City's response included a list of all the withheld documents and any redactions in the documents produced. In the records pertaining to the Lakewood detective's arrest, the City redacted the detective's driver's license number. In its response to Koenig's request, the City also stated,

> [U]nless you have notified the City – in writing – by the close of business on December 21, 2007, that its responses satisfy your requests, the City is prepared to take appropriate legal action to determine that it has fully complied with each of these requests. Of course, if you believe that the City's redactions and/or withholding of documents to be in error, we ask that you advise the City (again, in writing) of the grounds for which you believe the City's decisions to be in error so that we may reevaluate our decisions in light of your stated concerns.

No. 42972-1-II

CP at 77. In the records pertaining to the Tacoma police officer's arrest, the City redacted the Tacoma police officer's driver's license number. In the records pertaining to the Fife accident, the City redacted the "driver's license numbers . . . of (1) the involved officer; (2) the alleged victim; and (3) the listed eyewitnesses." CP at 76.

On March 5, 2008, the City filed a declaratory judgment action in Pierce County Superior Court. The City sought an order declaring that it had fully complied with Koenig's public records requests.[1] On November 3, 2011, the City filed a motion for summary judgment. In response, Koenig filed a cross motion for partial summary judgment and a request for costs and attorney fees under the PRA[2] for the City's failure to include in its response a brief explanation for its redactions. The trial court granted the City's motion for summary judgment and denied Koenig's request for costs and attorney fees. Koenig timely appeals only the order denying his request for costs and attorney fees.

ANALYSIS

Koenig argues that because the City failed to provide an adequate explanation for the redaction of driver's license numbers in its original response, the City committed a violation of the PRA entitling him to costs and attorney fees regardless of whether the driver's license numbers are exempt. Koenig relies on *Sanders v. State*, 169 Wn.2d 827, 240 P.3d 120 (2010),

---

[1] Prior to filing the motion for summary judgment, Koenig and the City had a dispute regarding discovery which we resolved in *City of Lakewood v. Koenig*, 160 Wn. App. 883, 250 P.3d 113 (2011).

[2] Former RCW 42.56.550(4).

for the proposition that failure to provide an explanation for refusing to produce documents is a free-standing PRA violation that entitles him to costs and attorney fees. The City argues that under *Sanders*, a "brief explanation" violation is not a separate violation and that lack of a brief explanation can only aggravate penalties for improperly withheld records. Koenig is correct, under our Supreme Court's interpretation of the plain language in former RCW 42.56.550(4), a requester is entitled to costs and attorney fees when the responder fails to provide a brief explanation of the exemption authorizing it to redact driver's license numbers.

Here, we must determine whether the City violated the plain language of RCW 42.56.210(3) by failing to provide a brief explanation for the redactions contained in the response to Koenig's public records request. We hold that it did. Furthermore, we must determine whether Koenig is entitled to costs and attorney fees based on the City's violation of the brief explanation requirement. We hold that he is.

Our objective in interpreting a statute is to carry out the legislature's intent. *Sprint Spectrum, LP v. Dep't of Revenue*, 174 Wn. App. 645, 658, 302 P.3d 1280 (2013) (citing *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010)). We begin with the statute's plain meaning. *Sprint*, 174 Wn. App. at 645 (citing *Lake*, 169 Wn.2d at 526). "We discern the plain meaning from the ordinary meaning of the language at issue, the statute's context, related provisions, and the statutory scheme as a whole." *Sprint*, 174 Wn. App. at 658 (citing *Lake*, 169 Wn.2d at 526). When a statute's language is unambiguous, we determine the

4

legislature's intent from the plain language of the statute alone. *Sprint*, 174 Wn. App. at 658 (citing *Waste Mgmt. of Seattle, Inc. v. Util. & Transp. Comm'n*, 123 Wn.2d 621, 629, 869 P.2d 1034 (1994)).

The PRA's brief explanation requirement provides that an agency response to a PRA request "include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3). A statement that is limited to identifying the information that is withheld and baldly citing a statutory exemption violates the brief explanation requirement. *Sanders*, 169 Wn.2d at 845-46. Here, the City's response to Koenig's PRA request as it related to the driver's license numbers stated,

> [The Lakewood police detective's] Driver's License number has been redacted pursuant to RCW 46.52.120 and RCW 46.52.130.
>
> . . . .
>
> . . . The City has redacted the dates of birth, driver's license numbers and social security numbers of (1) the involved officer; (2) the alleged victim; and (3) the listed eyewitnesses [in the Fife collision records]. These redactions are made pursuant to RCW 42.56.050, RCW 42.56.240, RCW 46.52.120, and RCW 46.52.130.
>
> . . . .
>
> . . . The driver's license number of Michael Justice has been redacted pursuant to RCW 42.56.050, 46.52.120, and 46.52.130.

CP at 75-76. The City did no more than identify the information that was withheld and cite the statutes that it believed exempted the information. The City's response violated the brief explanation requirement in RCW 42.56.210(3). *Sanders*, 169 Wn.2d at 845-46; RCW 42.56.210(3).

Because the City violated the brief explanation requirement, the plain language of former RCW 42.56.550(4) mandates an award of costs and attorney fees to Koenig. Former RCW 42.56.550(4) states,

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

Our Supreme Court recognized the difference between costs and attorney fees referenced in the statute's first sentence and penalties referenced in the second sentence. *Sanders*, 169 Wn.2d at 860. A prevailing party is entitled to costs and attorney fees "for vindicating 'the right to inspect or copy' *or* 'the right to receive a response.'" *Sanders*, 169 Wn.2d at 860 (emphasis added) (quoting RCW 42.56.550(4)).

As we explained above, an adequate response to a public records request must include a brief explanation of how the claimed exemption applies. We hold that the City failed to comply with the brief explanation requirement and Koenig prevails on this issue. Under former RCW 42.56.550(4), Koenig was entitled to costs and attorney fees when the City violated the brief explanation requirement. Therefore, the trial court erred by denying Koenig's request for costs and attorney fees. Accordingly, Koenig is entitled to an award of reasonable attorney fees, including fees on appeal, pursuant to former RCW 42.56.550(4) and RAP 18.1.

We reverse the trial court's denial of Koenig's attorney fee request and remand for entry of an award of attorney fees in accord with this opinion.[3]

QUINN-BRINTNALL, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

---

[3] Although we do not resolve the question of whether the City properly redacted driver's license numbers in the disclosed records (an issue not before us in this appeal), we note our concern over the legislature's failure to expressly provide adequate protection for personal identifying information in the PRA statute. We recognize that the legislature has rejected a general personal privacy exemption. RCW 42.56.050. However, we use the phrase "personal identifying information" to mean information such as Social Security numbers, driver's license numbers, tax identification numbers, employee numbers, or any other identifying information that would allow a private individual to be identified and subjected to inappropriate scrutiny or harm. *See* RCW 42.56.590(5); RCW 9.35.005(3); RCW 19.215.010(5); *Tacoma Pub. Library v. Woessner*, 90 Wn. App. 205, 221-22, 951 P.2d 357, 972 P.2d 932 (1998).

The legislature has acknowledged that disclosure of such personal identifying information can be harmful to private citizens. *See* ch. 9.35 RCW. In other statutes, the legislature has recognized that driver's license numbers are personal identifying information needing protection from public disclosure to guard against harm to private citizens, such as identity theft. *See, e.g.,* RCW 42.56.590(5)(b), (6); RCW 19.215.005. However, it has not yet expressly provided a specific provision for the exemption of personal identifying information in the PRA.

The PRA exists to ensure government transparency and accountability. RCW 42.56.030. Allowing the release of a private citizen's personal identifying information exposes private citizens to the risk of harm such as identity theft without furthering this purpose. *See Tacoma Pub. Library*, 90 Wn. App. at 221-22 (disclosure of personal identifying information can be highly offensive because it "could lead to public scrutiny of individuals concerning information unrelated to any governmental operation"). The legislature has expressed obvious concern over the release of personal identifying information and recognized that the release of personal identifying information serves no legitimate purpose under the PRA. Accordingly, we believe that the failure to include an express PRA exemption that impedes the crime of identity theft and protects the release of personal identifying information appears to be an unfortunate oversight but that it is up to the legislature not the courts, to address.

7