

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 1 1 2014

~~~~~~~~~~~

for CHIEF JUSTICE

This opinion was filed for record
at 8:00 AM on Dec. 11, 2014

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

CITY OF LAKEWOOD, A Municipal )
Corporation of the State of Washington, )
                               )   No. 89648-8
      Petitioner,         )
                               )
     v.                   )
                               )   En Banc
DAVID KOENIG, individually,    )
                               )
      Respondent.        )   Filed   **DEC 1 1 2014**
                               )

GONZÁLEZ, J.—Our Public Records Act (PRA), chapter 42.56 RCW, provides attorney fees to those who must resort to the courts to vindicate either their right to inspect public records or their right to receive a response to a records request. An agency violates a requestor's right to receive a response when it withholds or redacts public records without articulating a specific applicable exemption and providing a "brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3). We are asked to decide whether the city of Lakewood's explanation for redacting driver's license numbers from records produced for David Koenig was inadequate and, if so, whether Koenig is entitled to attorney fees. We hold that the city's response was inadequate and Koenig is entitled to fees.

FACTS

In October 2007, Koenig requested three sets of records from the city of Lakewood. He requested (1) records about the arrest and prosecution of a Lakewood police detective in January 2005 for patronizing a prostitute; (2) records about a November 2006 auto accident in the city of Fife, where a Fife police officer struck a pedestrian with his patrol car and the Lakewood Police Department assisted with the investigation; and (3) records about Tacoma police officer Michael Justice's 1998 arrest and subsequent prosecution on fourth degree assault charges.

In November 2007, the city advised Koenig by letter that responsive records were available for review and pickup. The city redacted, among other things, driver's license numbers from various types of documents it produced. The city justified the redaction of driver's license numbers by citation to statutes:

> Records pertaining to the arrest and prosecution of a Lakewood Police Detective on or around 1/25/05
>
> [The detective's] Driver's License number has been redacted pursuant to RCW 46.52.120 and RCW 46.52.130.
>
> . . . .
>
> Records Pertaining to Fife Collision.
>
> The City is making available the investigation about an auto accident that occurred in the City of Fife in November of 2006. The City has redacted the dates of birth, driver's license numbers and social security numbers of (1) the involved officer; (2) the alleged victim; and (3) the listed eyewitnesses. These redactions are made pursuant to RCW 42.56.050, RCW 42.56.240, RCW 46.52.120, and RCW 46.52.130.

. . . .

<u>Records Pertaining to the Arrest and Prosecution of Michael Justice.</u>

... The driver's license number of Michael Justice has been redacted pursuant to RCW 42.56.050, 46.52.120 and 46.52.130.

Clerk's Papers (CP) at 75-76. The city's letter advised Koenig: "[U]nless you have notified the City – in writing – by the close of business on December 21, 2007, that its response satisfies your requests, the City is prepared to take appropriate legal action to determine that it has fully complied with each of these requests." *Id.* at 77.

Koenig questioned the city's reliance on the statutes it cited. Among other things, Koenig asked the city to specify which exemption it claimed under RCW 42.56.240[1] and to clarify whether the it was also claiming driver's license numbers were exempt under the federal Driver's Privacy Protection Act of 1994 (FDPPA), 18 U.S.C. § 2721, and *Reno v. Condon*, 528 U.S. 141, 120 S. Ct. 666, 145 L. Ed. 2d 587 (2000).[2]

In a response letter dated February 25, 2008, the city supplemented the basis for its redaction of driver's license numbers to include the FDPPA and *Reno*, 528 U.S.

---

[1] Former RCW 42.56.240 (2005), in effect at the time of the city's response, contained five subsections. Seven subsections have since been added through numerous legislative amendments, but none of the amendments have altered subsections (1)-(5). *See* LAWS OF 2013, ch. 315, § 2, ch.190, § 7, ch. 183, § 1; LAWS OF 2012, ch. 88, § 1; LAWS OF 2010, ch. 266, § 2, ch. 182, § 5; LAWS OF 2008, ch. 276, § 202 (codified at RCW 42.56.240(6)-(12)).

[2] The city initiated suit while Koenig and the city were already engaged in pending litigation. In that other case, the city also redacted driver's license numbers and eventually cited to the FDPPA and former RCW 46.12.390 (2005).

141. The city said that it redacted witness and victim dates of birth pursuant to RCW 42.56.240(2) because "the date of birth together with a name has the potential to link a particular individual with a particular identity thus creating the potential to endanger an individual's life, physical safety or property." CP at 87-88. But the city declined to explain how RCW 42.56.240 or the other statutes it cited applied to the driver's license numbers: "Given what should be the self-evident nature of redacting an individual's driver's license number, we decline your invitation to provide further and unnecessary explanation." *Id.* at 88. The city again warned it was "prepared to prosecute a declaratory judgment action decreeing that it [had] fully complied with [Koenig's] requests." *Id.* at 89 (citing *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 174 P.3d 60 (2007)).[3]

The city filed suit and moved for summary judgment.[4] Koenig filed a cross motion for summary judgment and argued the city had not met its burden to show the driver's license numbers were properly redacted under a specific exemption and the

---

[3] In *Soter*, 162 Wn.2d at 757, we held that under RCW 42.56.540, an agency can seek a judicial determination whether records are properly exempt, but "to impose the injunction [against release of the records], the trial court must find that a specific exemption applies *and* that disclosure would not be in the public interest and would substantially and irreparably damage a person or a vital government interest."

[4] Even prior to the motions for summary judgment, the case went up on appeal. The first appeal concerned the trial court's order to compel Koenig to respond to discovery requests from the city. The Court of Appeals reversed the trial court in part, holding that the city could seek discovery under the PRA but that its request in this instance was not reasonably calculated to lead to the discovery of admissible evidence. *City of Lakewood v. Koenig*, 160 Wn. App. 883, 250 P.3d 113 (2011).

city also violated the PRA by failing to explain why driver's license numbers are exempt. Koenig argued he was entitled to attorney fees under RCW 42.56.550(4) for the violation of the brief explanation requirement regardless of whether the numbers were ruled exempt.

The trial court granted the city's summary judgment motion, denied Koenig's motion, and ruled that Koenig's claim against the city for violating the PRA by failing to provide a brief explanation was not a valid basis for liability. CP at 228-30 (Order on Cross Motions for Summary Judgment). Koenig appealed on the brief explanation issue. The Court of Appeals held the city violated the brief explanation requirement and Koenig was entitled to attorney costs and fees. *City of Lakewood v. Koenig*, 176 Wn. App. 397, 309 P.3d 610 (2013). We granted the city's petition for review. *City of Lakewood v. Koenig*, 179 Wn.2d 1022, 320 P.3d 719 (2014).

ANALYSIS

The primary purpose of the PRA is to provide broad access to public records to ensure government accountability. *Livingston v. Cedeno*, 164 Wn.2d 46, 52, 186 P.3d 1055 (2008). The legislature stated clearly that the people "do not give their public servants the right to decide what is good for the people to know and what is not good for them to know." LAWS OF 1992, ch. 139, § 2 (codified at RCW 42.56.030). The PRA contains no general exemptions from disclosure to protect individual privacy or vital government functions. *Progressive Animal Welfare Soc. v. University of Washington*, 125 Wn.2d 243, 258, 884 P.2d 592 (1994) (*PAWS* II) (citing *In re*

5

*Rosier*, 105 Wn.2d 606, 621, 717 P.2d 1353 (1986) (Anderson, J., dissenting in part, concurring in part)). Rather, the legislature has crafted exemptions that are *"narrowly tailored to specific situations* in which privacy rights or vital governmental interests require protection." *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 434, 300 P.3d 376 (2013) (emphasis added). The PRA also provides that other statutes can exempt information from the disclosure mandates of the PRA. RCW 42.56.070(1).

Consistent with its purpose of disclosure, the PRA directs that its exemptions must be narrowly construed, RCW 42.56.030, and that "an agency must produce otherwise exempt records insofar as redaction renders any and all exemptions inapplicable." *Resident Action Council*, 177 Wn.2d at 433 (citing *PAWS* II, 125 Wn.2d at 261); *see* RCW 42.56.210(1), .070. When an agency withholds or redacts records, its response "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3); *see PAWS* II, 125 Wn.2d at 270. The purpose of the requirement is to inform the requester why the documents are being withheld and provide for meaningful judicial review of agency action. *See PAWS II*, 125 Wn.2d at 270; *Sanders v. State*, 169 Wn.2d 827, 846, 240 P.3d 120 (2010) (noting that "[c]laimed exemptions cannot be vetted for validity if they are

unexplained").[5]

The plain language of RCW 42.56.210(3) and our cases interpreting it are clear that an agency must identify "'with *particularity*'" the specific record or information being withheld and the specific exemption authorizing the withholding. *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 537-38, 199 P.3d 393 (2009) (emphasis added) (quoting *PAWS* II, 125 Wn.2d at 271); *see also PAWS* II, 125 Wn.2d at 271 n.18. In *Rental Housing*, for example, we concluded the city did not state a proper claim of exemption to trigger the PRA's one-year statute of limitations where its response letter generally characterized withheld documents but did not "specifically describ[e] each withheld individual document and the basis for withholding each document." 165 Wn.2d at 529, 541. Additionally, the agency must provide sufficient explanatory information for requestors to determine whether the exemptions are properly invoked. *Rental Hous.*, 165 Wn.2d at 539 (quoting WAC 44-14-04004(4)(b)(ii)); *see also Sanders*, 169 Wn.2d at 846.

We find the city's response did not meet this standard. In its response to each request, the city either failed to cite a specific exemption or failed to provide any

---

[5] As a threshold matter, the city asks us to hold that Koenig waived any claim that it violated the brief explanation requirement. We decline to do so. The city argues that Koenig limited the issues before the trial court in his answer and that the trial court did not rule on the right to receive a response. However, Koenig clearly argued in his summary judgment motion that the city failed to provide an adequate explanation of claimed exemptions and asked for attorney fees. The trial court expressly ruled that Koenig's brief explanation violation claim was not a basis for liability.

explanation for how a cited "other" statute exemption applied to the redacted driver's license numbers in the specific records produced. Consequently the burden was shifted to the requester to sift through the statutes cited by the city and parse out possible exemption claims. This was improper under the PRA.

The level of detail necessary for a requestor to determine whether an exemption is properly invoked will depend upon both the nature of the exemption and the nature of the document or information. The majority of exemptions are categorical and exempt "without limit a particular type of information or record." *Resident Action Council*, 177 Wn.2d at 434 (citing as an example RCW 42.56.230(5), which exempts "debit card numbers"). Thus, when it is clear on the face of a record what type of information has been redacted and that type of information is categorically exempt, citing to a specific statutory provision may be sufficient. But for other exemptions, including the "other" statute exemptions cited by the city here, additional explanation is necessary to determine whether the exemption is properly invoked. *See, e.g.,* *Sanders*, 169 Wn.2d at 846 (finding agency's response insufficient when it claimed the controversy exemption for numerous records without specifying details such as the controversy to which each record was relevant).

In response to the first request, the city redacted a detective's driver's license number from what appear to be a municipal court docket and a citation notice issued to a Lakewood police detective for patronizing a prostitute. The city stated that the number was redacted pursuant to RCW 46.52.120 and .130, provisions outside the

8

PRA that provide for the confidentiality of an individual's driving record kept by the department of motor vehicles but provide that the department may furnish the abstract of a person's driving record to certain entities under certain circumstances. While it may be that information is still protected once it is given to other government agencies, this is not obvious from the face of either statute. The city declined Koenig's request for an explanation and failed to provide any information that would link RCW 46.52.120 and .130 to the specific driver's license numbers redacted in each record held by the city. This explanation would be necessary to evaluate the city's claim for validity.

In response to Koenig's second request, the city redacted the driver's license numbers of the detective, the victim, and witnesses from what appear to be a police report, a traffic collision report, and a handwritten note. The city plainly violated the PRA because it failed to identify a "specific exemption" authorizing redaction as required by RCW 42.56.210(3). The city simply cited to the PRA provision that defines privacy, RCW 42.56.050, and to RCW 42.56.240 (2005), which included a number of exemptions. Among other things, .240 exempted "investigative records" disclosure of which would violate privacy, RCW 42.56.240(1), and identifying information about victims and witnesses that would jeopardize their life, safety, or property, RCW 42.56.240(2). The city later clarified its response as it related to the dates of birth of witnesses and victims, claiming that information was exempt pursuant to RCW 42.56.240(2), but the city did not specify whether it also intended to

9

claim a specific exemption under .240 for driver's license numbers. The city repeated its citations to RCW 46.52.120 and .130 without explaining how they apply.

In response to the third request, the city redacted a police officer's driver's license number from what appears to be a docket and repeated its citations to RCW 46.52.120, .130, and .050 without explanation.

The city augmented its response to include a claim of exemption under the FDPPA. However, the city failed to explain the source of the driver's license numbers in each record, which is necessary for a requester to make a threshold determination about whether the federal law applies.

Koenig asks us to construe *Sanders*, 169 Wn.2d 827, as requiring a *correct* response to a records request. But our inquiry under the facts presented here does not turn on whether the explanation was correct, but rather on whether it provided sufficient explanatory information for requestors to determine whether the exemptions were properly invoked. It did not; the city's responses either failed to cite a specific exemption or failed to provide any explanation for how a cited "other" statute exemption applied to the redacted driver's license numbers in the specific records produced.

Because the city's response did not meet the requirements of the PRA, we hold that Koenig is entitled to attorney fees. The plain language of the PRA provides that costs and reasonable attorney fees shall be awarded to a requester for vindicating "the

right to receive a response." RCW 42.56.550(4).[6] In *Sanders*, we rejected the State's argument that the only remedy for the State's insufficient withholding index was to compel an explanation of the exemptions. 169 Wn.2d at 847. We found that interpretation of RCW 42.56.550(4) would contravene the PRA's purpose because an agency would have "no incentive to explain its exemptions at the outset" and "[t]his forces requestors to resort to litigation, while allowing the agency to escape sanction of any kind." *Id.* (citing *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 103-04, 117 P.3d 1117 (2005)). We decline to depart from *Sanders*.

Moreover, under *Yakima County v. Yakima Herald-Republic*, 170 Wn.2d 775, 809-10, 246 P.3d 768 (2011), attorney fees are available for a violation of the right to receive a response regardless of whether records are improperly withheld. There, the Yakima Herald-Republic sought information about the expenditure of public funds for the criminal defense of two murder defendants. *Id.* at 781-82. In addition to intervening in the criminal case and challenging the court's order sealing attorney

---

[6] RCW 42.56.550(4) was amended in 2011 to remove the mandatory minimum daily penalty for a violation of a citizen's right to inspect or copy public records, LAWS OF 2011, ch. 273, § 1, but that portion of the provision is not at issue here. The relevant portion reads:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

*Id.*

billing records, the newspaper also filed a public records request with the county for

all records of public funds spent for the defense. *Id.* at 783-85. We concluded billing

records held by nonjudicial entities were subject to disclosure, and we remanded for a

determination about whether nonjudicial entities actually held any. *Id.* at 805-08.

Thus, while we declined penalties as premature, we awarded costs and reasonable

attorney fees to the newspaper because the county's equivocal response violated the

brief explanation requirement. *Id.* at 809. The same principles apply here.

Accordingly, Koenig is entitled to an award of reasonable attorney fees,

including fees on appeal, pursuant to RCW 42.56.550(4) and RAP 18.1.[7]

---

[7] The city's petition for review and supplemental brief ask us to hold that driver's license numbers are exempt under the PRA. City of Lakewood's Pet. for Review at 4, 16-20; Suppl. Br. of Pet'r at 15-18. We decline to reach this issue because it is not properly before us and because we do not have briefing from all the stakeholders who might have valuable insight into the issue. We note that there is tension between the PRA's mandate of disclosure and the efforts of agencies to protect personal identifying information, the disclosure of which can put citizens at risk for identity theft and other problems. As the Court of Appeals aptly noted:

> The PRA exists to ensure government transparency and accountability. RCW 42.56.030. Allowing the release of a private citizen's personal identifying information exposes private citizens to the risk of harm such as identity theft without furthering this purpose. *See Tacoma Pub. Library* [*v. Woessner,*] 90 Wn. App. [205,] 221-22[, 951 P.2d 357, 972 P.2d 932 (1998)] (disclosure of personal identifying information can be highly offensive because it "could lead to public scrutiny of individuals concerning information unrelated to any governmental operation"). The legislature has expressed obvious concern over the release of personal identifying information and recognized that the release of personal identifying information serves no legitimate purpose under the PRA. Accordingly, we believe that the failure to include an express PRA exemption that impedes the crime of identity theft and protects the release of personal identifying information appears to be an unfortunate oversight, but that it is up to the legislature, not the courts, to address.

*Koenig*, 176 Wn. App. at 404 n.3.

CONCLUSION

Some records are exempt from disclosure under the PRA. Agencies withholding or redacting records must identify the specific exemptions they believe apply and provide a brief explanation as to why. We hold that the city of Lakewood violated this requirement and that Koenig is entitled to attorney costs and fees for vindicating his right to receive a response. We remand to the trial court for entry of an attorney fee award in accordance with this opinion.

González, J.

WE CONCUR:

*City of Lakewood v. Koenig*

No. 89648-8

MADSEN, C.J. (dissenting)—The Public Records Act (PRA) grants costs and reasonable attorney fees for vindicating the "right to receive a response to a public record request within a reasonable time." RCW 42.56.550(4). The plain language of the statute simply entitles a person to receive a timely answer. Although we have interpreted "response" to include the right to receive a "brief explanation," *Sanders v. State*, 169 Wn.2d 827, 848, 240 P.3d 120 (2010), the majority now expands "brief explanation" to mean that an agency must correctly justify its response when it redacts or withholds a document. The PRA does not support this result.

Discussion

The city stated that it redacted driver's license numbers from the documents it intended to provide and then cited to specific statutes that it claimed supported the redactions. The majority holds this response insufficient because it cannot determine if the cited statutes actually support the redactions. Majority at 9. In other words, the majority holds the city's response insufficient because it cannot tell if the city is right. *Id.*

No. 89648-8
Madsen, C.J., dissenting

The PRA, however, merely requires that the agency provide a "response," not a correct explanation. RCW 42.56.550(4), .210(3).

The agency fulfilled its obligation to provide a brief explanation. In *Sanders*, we held the State's response insufficient when it withheld entire documents and claimed work product privilege under the PRA's controversy exemption. 169 Wn.2d at 847. We held the response insufficient because the State failed to give necessary information about what the records contained to evaluate the claim, including what controversy the records related to. *Id.* Essentially, the State explained why it withheld information—the controversy exemption—but failed to explain what information it actually withheld. *See id.* at 837, 846 (characterizing lack of details as merely identifying that a document exists). Here, unlike the State in *Sanders*, the city explained what information it actually withheld—driver's license numbers—and it explained why—the cited statutes. The requester in this case, unlike the requester in *Sanders*, can evaluate the exemptions and determine for himself the validity of the agency's action. Whether the city validly withheld the driver's license numbers, however, is a separate issue.

Although the majority denies that a brief explanation must contain a correct response, the rule it articulates has this result. The majority states that the agency must provide explanatory information sufficient "to determine whether the exemptions are properly invoked." Majority at 7 (citing *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 539, 199 P.3d 393 (2009)). In other words, the sufficiency of a brief explanation now depends on whether the response allows the requester or a

2

court to determine that the agency invoked the correct exemption. In *Rental Housing*, we described the brief explanation as "'enough information for a requestor to make a threshold determination of whether the claimed exemption is proper.'" 165 Wn.2d at 539 (quoting WAC 44-14-04004(4)(b)(ii)). The majority transformed a threshold determination into an ultimate determination. So instead of providing enough information for the requester to make an initial determination about the appropriateness of the exemption, the agency must now provide enough information to prove it is right.

The PRA does not put this burden on agencies, and neither should this court. When a requester doubts the validity of an agency's claimed exemption, the PRA directs the requester to seek clarification from the attorney general, not the agency. The PRA provides:

> Whenever a state agency concludes that a public record is exempt from disclosure and denies a person opportunity to inspect or copy a public record for that reason, the person may request the attorney general to review the matter. The attorney general shall provide the person with his or her written opinion on whether the record is exempt.

RCW 42.56.530.

The PRA already provides attorney fees when an agency wrongly withholds records. RCW 42.56.550(4). Under the majority, an agency must now pay attorney fees if it wrongly withhold records or if it correctly withholds records but fails to provide a correct explanation. I do not find this correct-explanation requirement in the statute, and I do not believe that we should create one. Instead, if the agency has failed to identify a record at all or has failed to either release a record or give its reason for withholding,

whether correct or incorrect, then attorney fees may be warranted. But where the agency has identified the records and given its reason for redacting or withholding the record, no attorney fees are independently warranted. Therefore, I dissent.

Madsen, C. J.

González, McCloud, J.

Fairhurst, J.

Wiggins, J.