# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| WASHINGTON COALITION FOR OPEN GOVERNMENT, | No. 50718-8-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — The Washington Coalition for Open Government (WCOG) appeals the superior court's order dismissing its Public Records Act (PRA) claim against Pierce County. WCOG argues that the County improperly redacted hundreds of responsive documents that were not exempt from disclosure under the PRA. WCOG also challenges the adequacy of the County's exemption logs and claims that the County violated the PRA by not providing for electronic transmittal of the requested documents.

We hold that the County met its burden of establishing that the work product privilege exemption applied to the redacted documents. We also hold that the County's exemption logs were adequate and that the County did not violate the PRA by refusing to transmit the requested documents electronically. Because we hold that the County did not violate the PRA, we affirm.

FACTS

A.     THE *NISSEN* LITIGATION

In 2011, Glenda Nissen, a Pierce County Sheriff's detective, filed a complaint against Pierce County for disclosure of public records. Her request sought records that Pierce County Prosecutor Mark Lindquist had generated on his private cell phone.

The *Nissen* case was eventually heard by the Washington Supreme Court. *Nissen v. Pierce County*, 183 Wn.2d 863, 888, 357 P.3d 45 (2015). There, the County argued that Lindquist's private cell phone records were exempt from disclosure under the PRA. Several organizations appeared as amicus curiae on behalf of the County, including the Washington Association of Prosecuting Attorneys (WAPA) and the Washington State Association of Municipal Attorneys (WAMA). Like the County, WAPA and WAMA argued that Lindquist's private cell phone records were outside the scope of the PRA. Lindquist also personally intervened in the *Nissen* case. Lindquist argued that disclosure of his private cell phone records would constitute an unlawful search and seizure of his personal property.

Our Supreme Court rejected these arguments. *Id.* The court held that the records an agency employee prepares, owns, uses, or retains on a private cell phone within the scope of employment can constitute public records under the PRA. *Id.*

B.     WCOG'S PRA REQUEST

WCOG appeared as an amici curiae and supported Nissen's position in the *Nissen* case. *Id.* at 868. While the *Nissen* litigation was still pending before the Washington Supreme Court, WCOG sent the County a request for public records in April 2015. WCOG requested the following:

(a) All correspondence, including email, between the County and Mr. Lindquist, other agencies, other public officials, and/or amicus organizations relating to the Glenda Nissen v. Pierce County litigation;

(b) All records discussing the conflict of interest between the County and Mr. Lindquist in the Glenda Nissen v. Pierce County litigation, including any waiver or other resolution of such conflict;

(c) All records, including correspondence, agreements and invoices, relating to the retention of any private attorneys to represent Pierce County in the Glenda Nissen v. Pierce County litigation; and

(d) All records of litigation decisions being made for Pierce County as the defendant in the Glenda Nissen v. Pierce County litigation, specifically including but not limited to, records indicating which person(s) are making litigation decisions for the County in the Glenda Nissen v. Pierce County litigation in light of Mr. Lindquist's status as a separate party to that litigation.

Clerk's Papers (CP) at 2645.

WCOG "insist[ed]" that the County respond to its request either by email or internet transfer service. CP at 2646. WCOG instructed the County: "**DO NOT SEND ME CORRESPONDENCE OR RECORDS BY SNAIL MAIL**." CP at 2646 (emphasis in original).

The County sent WCOG a responsive letter by regular mail on April 8. In its letter, the County explained that it did not release responsive public records "through untried or potentially unreliable internet transfer services." CP at 2648. The County also explained that it would not communicate through email "because there [was] no guarantee of timely receipt of emails from external senders due to multiple spam filters" outside its control. CP at 2648. The County estimated that the first installment of responsive records would be available to WCOG in four weeks.

3

On April 17, WCOG emailed the County and objected to its refusal to correspond through email. WCOG emailed the County two days later and expanded its request to include:

(e) All records, including correspondence, email, notes, drafts and word processing files, relating in any way to the amicus briefs filed by the Pierce County Prosecuting Attorneys' Association in the Glenda Nissen v. Pierce County litigation.

CP at 2651.

The County responded to WCOG's expanded records request by a letter dated April 24. The County informed WCOG that it had expanded the records search per WCOG's request and it estimated that the first installment would be available on May 6.

On April 27, WCOG emailed the County and again objected to communication by regular mail, rather than email. WCOG instructed the County to notify WCOG by email "when at least the portion of the records" identified in its April 17 letter would be provided. CP at 2655.

The County responded by regular mail on May 5. The County informed WCOG that it required an additional three days to provide the responsive records due to "unforeseen circumstances, to include multiple communications to and from [WCOG]." CP at 2657.

On May 11, the County informed WCOG by regular mail that the first installment of records was available. The County identified 533 pages responsive to WCOG's request, but informed WCOG that "a good number of these pages" had been fully redacted. CP at 2659. The County informed WCOG that the cost for copying and delivering the records was $88.65. The County offered to omit the fully redacted pages from release and to recalculate the cost excluding the redacted pages. The County also provided an exemption log explaining that the redacted pages were exempt as work product. The brief explanation for each of the redacted pages stated:

4

> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash. App. 221 (2009) | Work Product – Mental Impressions/legal opinions | Redacted or exempted material in prosecutor file contains mental impressions, legal opinions, legal research generated by or for an attorney.
>
>     . . . .
>
> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product Document | Redacted or exempted material within prosecutor's file are documents gathered by an attorney and legal staff in anticipation of actual litigation in State v. Glenda Nissen v. Pierce County, Thurston County Superior Court No. 11-2-02312-2, Washington Supreme Court 908753 and 871876, Court of Appeals II 448521.

CP at 2660-63.

WCOG responded by email on May 14. WCOG claimed that the exemptions were improper because they did not contain adequate description of the claimed exemption. The County did not respond to WCOG's email. On July 1, WCOG sent the County an email notifying the County that it would be sending a check for $88.65 "under protest." CP at 2665.

On July 9, the County sent WCOG another letter by regular mail. The letter explained that the County had sent WCOG the 72 pages that had not been fully redacted. The County returned WCOG's check and informed WCOG that it would send the 461 pages of fully redacted records upon request. WCOG requested the remaining 461 pages by email on July 15.

On August 10, the County informed WCOG by regular mail that the second installment of responsive records was ready. The County also included an exemption log for this installment, which identified hundreds of pages of responsive records as work product. The exemption logs contained the following brief explanations:

> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product – Mental Impressions/legal opinions | Redacted or exempted material in prosecutor file contains mental impressions, legal opinions, legal research generated by or for an attorney.

. . . .

RCW 42.56.290, CR 26, Sanders v. State of Washington, 169 W. 2d 827 (2010) | Work Product Document – Common interest | Redacted or exempted material in prosecutor records contain confidential communications from multiple parties pertaining to their common claim or defense, these communications remain privileged as to those outside their group.

. . . .

RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product Document | Redacted or exempted material within prosecutor's file are documents gathered by an attorney and legal staff in anticipation of actual litigation in State v. Glenda Nissen v. Pierce County, Thurston County Superior Court No. 11-2-02312-2, Washington Supreme Court 908753 and 871876, Court of Appeals II 448521.

CP at 2674.

WCOG responded by email on August 13. WCOG claimed that the County's brief explanation was inadequate because the County could not claim work product for communications with other parties and amicus groups in the *Nissen* litigation.

The County responded to WCOG's email by letter dated August 20. In its letter, the County called WCOG's August 13 email "factually and legally baseless." CP at 2679.

WCOG attempted to email the County on August 31. However, the County's public records officer had retired, and her email account was deactivated. WCOG re-sent its August 31 email to another County employee on October 19, who forwarded the email to the County's new public records officer that day. The County informed WCOG that the error evidenced why email is not always the best way to ensure a party receives communication.

WCOG sent the County a letter by email on October 19. WCOG's letter detailed the history of its PRA request, including its communication with the County. WCOG again challenged

the adequacy of the County's exemption logs, and WCOG again claimed that the County had violated the PRA by refusing to communicate through email.

The County responded by regular mail on October 23. The County offered to scan the paper documents and copy them to a CD at a cost of $.84 per minute. The CD would then be sent to WCOG by regular mail. WCOG declined this offer by email on November 19.

The County notified WCOG by regular mail on December 2 that information regarding the third installment would be ready in two weeks. Again, the County offered to provide the responsive records in the second installment by CD. WCOG sent the County a check to receive the second installment by CD, which the County provided.

On December 14, WCOG filed a complaint for violations of the PRA. WCOG alleged that the County had (1) improperly withheld records subject to disclosure, (2) failed to provide a brief explanation explaining how the County's claimed exemption applied to the redacted records, and (3) violated its duty to provide the " 'fullest assistance' " when it refused to communicate with WCOG through email. CP at 2709. WCOG claimed that the records were improperly withheld because the County waived its work product privilege when it shared the documents with Lindquist and the amicus groups involved in the *Nissen* litigation.

After WCOG filed its complaint, the County continued to send WCOG's installments of responsive records. The County released the sixth installment on May 13, 2016. At that time, the County informed WCOG that it had changed its policy on the use of internet transfer services and began providing the responsive records electronically.

In June, the superior court issued a ruling in favor of the County on the merits of WCOG's PRA complaint. The superior court ruled that the County did not violate the PRA by refusing to

allow electronic transmittal of documents. The superior court further ruled that the County had not waived its work product privilege by disclosing the requested documents to Lindquist and the amicus groups. And the superior court ruled that the County's brief explanation of the work product exemption in its exemption logs was adequate under the PRA.

WCOG appeals.

## ANALYSIS

A.    STANDARD OF REVIEW

We review de novo agency action taken or challenged under the PRA. RCW 42.56.550(3)[1]; *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 327 P.3d 600 (2013). An agency bears the burden of establishing that an exemption to production applies under the PRA.[2] *Id.*.

---

[1] RCW 42.56.550 has been amended since the events of this case transpired. However, the amendments do not materially affect the statutory language relied on by this court. Accordingly, we refrain from including "former" before RCW 42.56.550.

[2] WCOG claims that the superior court improperly shifted the burden of proof in its ruling. However, WCOG acknowledges that the superior court's ruling is "immaterial" because this court's review is de novo. Br. of Appellant 23. Therefore, we do not consider this alleged error.

B.       WAIVER OF WORK PRODUCT PROTECTION[3]

In response to WCOG's PRA request, the County claimed that hundreds of drafts, draft pleadings, handwritten notes, legal research, and correspondence related to the *Nissen* litigation were exempt from production as work product.  As such, the County redacted these communications and documents either in part or in full in its response to WCOG's PRA request. WCOG argues that these documents were improperly redacted because the County waived its work product protection when it shared the documents with various amicus groups and Lindquist, who had personally intervened in the *Nissen* case.  We disagree.

"The primary purpose of the PRA is to provide broad access to public records to ensure government accountability." *City of Lakewood v. Koenig*, 182 Wn.2d 87, 93, 343 P.3d 335 (2014). Under the PRA, an agency must disclose responsive public records "unless the record falls within the specific exemptions of [the PRA] . . . or other statute."  RCW 42.56.070(1).[4]  "[C]ommonly referred to as the 'controversy exception,' " RCW 42.56.290 exempts records from disclosure under the PRA if they " 'would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts.' " *Kittitas County v. Allphin*, 190 Wn.2d 691,

---

[3] The County argues that WCOG's lawsuit was premature under *Hobbs v. Washington State Auditor's Office*, 183 Wn. App. 925, 335 P.3d 1004 (2014).  WCOG and the County filed competing motions for summary judgment on this issue below.  The superior court granted WCOG's motion for partial summary judgment on standing and denied the County's motion for summary judgment based on *Hobbs*.  The County never appealed this order.  The County also never filed a cross-appeal in this case.  Therefore, we do not consider the County's argument based on *Hobbs*.

[4]  RCW 42.56.070 has been amended since the events of this case transpired.  However, the amendments do not materially affect the statutory relied on by this court.  Accordingly, we refrain from including the word "former" before RCW 42.56.070.

701, 416 P.3d 1232 (2018) (quoting RCW 42.56.290) (citing *Soter v.Cowles Publ'g Co.,* 162 Wn.2d 716, 732, 174 P.3d 60 (2007) (plurality opinion)).

Here, the County claimed that hundreds of redacted documents qualified as work product under CR 26(b)(4), and, therefore, were exempt from disclosure under the controversy exception of RCW 42.56.290. The work product doctrine "protect[s] against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." CR 26(b)(4). Thus, the doctrine only applies to materials prepared in anticipation of completed, existing, or reasonably anticipated litigation. *Allphin*, 190 Wn.2d at 704. "When creating work product in anticipation of litigation, 'there is no distinction between attorney and nonattorney work product.' " *Id.* (quoting *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 396, 706 P.2d 212 (1985)).

WCOG argues that the County waived its work product protection in these documents when it shared them with third parties.[5] WCOG does not identify every document it believes the County improperly redacted, but instead, identifies "examples" of documents it believes that the County improperly redacted.[6] Br. of Appellant at 26. And WCOG appears to argue, based on

---

[5] At oral argument, WCOG argued that the County knew that it was waiving the work product privilege because it had received an email from Pam Loginski stating that sharing the documents would waive any privilege. Wash. Court of Appeals oral argument, *Washington Coalition for Open Government v. Pierce County*, No. 50718-8-II (Jan. 10, 2019), at 2 min., 55 sec. to 3 min., 20 sec. (on file with court). The record fails to support WCOG's argument. The record contains an email from Pam Loginski to her client, WAPA member attorneys, discussing her *Nissen* brief and reminding the WAPA member attorneys that their responses to her email are public records.

[6] WCOG assigns error to the superior court's conclusion that WCOG had failed to identify specific records that it believed had lost their work product privilege because they were shared. However, even WCOG admits that it merely provided "examples" of the records it believed the County had

these examples, that the County waived its work product protection in every document that it shared with Lindquist and the amicus groups in the *Nissen* litigation.

WCOG's argument confuses waiver under the work product doctrine with waiver of attorney-client privilege. WCOG narrowly focuses its argument on the applicability of the common interest doctrine, an exception to the general rule that voluntary disclosure of privileged attorney-client or work product communications to a third party waives privilege. But WCOG fails to distinguish between waiver of work product privilege and attorney-client privilege, and it fails to analyze whether the County waived its work product privilege to begin with.

" '[W]hile the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege.' " *Allphin*, 190 Wn.2d at 710 (quoting *Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299). A party only waives its work product privilege when " 'the client, the client's lawyer, or another authorized agent of the client . . . discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it.' " *Id.* at 708 (quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 91(4) (AM. LAW INST. 2000)). The work product doctrine protects the efforts of an attorney, and those who assist that attorney, from disclosure to a litigation adversary. *Id* at 709. The attorney-client privilege, by contrast, safeguards confidentiality of communications between an attorney and client. *Id*.

---

improperly redacted. Br. of Appellant at 26. Because our review is de novo, we need not review the factual and legal conclusions of the superior court.

The work product doctrine allows parties to share work product in certain contexts without waiving the accompanying protections of the work product doctrine. *Id.* at 712. "A party can share work product with coparties and others who are similarly aligned on a matter of common interests because such parties are unlikely to disclose work product to adversaries." *Id.*

WCOG fails to show that the County's disclosure of work product to the amicus groups in the *Nissen* litigation created a significant likelihood that an adversary or potential adversary in the *Nissen* case would obtain these documents. Instead, WCOG relies on *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012), to argue that a shared desire for the same outcome in a legal matter was insufficient to create a common interest agreement between the County, Lindquist, and the amicus groups in the *Nissen* litigation.

In *Pacific Pictures*, the court stated that a shared desire to see the same outcome in a legal matter is not sufficient for communication between two parties to fall under the "common interest" or "joint defense" exception to waiver of attorney client privilege. 679 F.3d at 1129 (explaining that the common interest or joint defense rule is an exception to the ordinary waiver rules designed to allow attorneys representing different clients in pursuit of common legal strategies to communicate with one another). Thus, *Pacific Pictures* is inapplicable because that case involved waiver of the attorney-client privilege, not the work product doctrine.

WCOG also relies on the absence of a formal agreement between the County, Lindquist and the amicus groups to argue that the County waived its work product protections. However, parties do not need a written agreement to maintain confidentiality in order for the work product protection to apply. *Allphin*, 190 Wn.2d at 713. "Instead, a reasonable expectation of

confidentiality may derive from common litigation interests between the disclosing party and the recipient." *Id.*

The record shows that the County disclosed its work product to Lindquist, WAPA, and the WAMA and that they all shared a common litigation interest with the County. Like the County, Lindquist and the amicus groups argued that text messages on Lindquist's private cellphone were not subject to disclosure under the PRA. Because the County, Lindquist, and the amicus groups were similarly aligned on a matter of common interest in the *Nissen* litigation, the County had a reasonable expectation of confidentiality in sharing its work product with the amicus groups and Lindquist. WCOG fails to show that disclosure of work product to similarly aligned amicus groups created a significant likelihood that the County's adversary (Nissen) would obtain these documents.

WCOG also argues that the County waived its work product privilege by disclosing certain documents to Lindquist because Lindquist personally intervened in the *Nissen* litigation. However, WCOG fails to acknowledge that Lindquist and the County shared common litigation interests in *Nissen*, as both argued that records on Lindquist's private cellphone were not subject to PRA disclosure. And WCOG provides no authority to support its assertion that Lindquist became an adverse party to the County simply because he personally intervened in the *Nissen* litigation. WCOG similarly fails to provide any support for its claim that Lindquist and the County were adversaries in the *Nissen* litigation because they had a conflict of interest.

Thus, the County did not waive its work product protection by sharing the redacted documents with the amicus groups and Lindquist in the *Nissen* litigation. The County's claimed

exemptions were proper under RCW 42.56.290 and CR 26(b)(4), and it did not violate the PRA by redacting the exempt records.[7]

C.     ADEQUACY OF EXEMPTION LOGS

Next, WCOG argues that the County's exemption logs failed to provide the brief explanation of how the work product exemption applied to the redacted records. We disagree.

When an agency withholds or redacts records subject to a PRA disclosure, its response "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3). The purpose of the brief explanation requirement is to inform the requestor why a document is being withheld and to provide for meaningful judicial review. *Koenig*, 182 Wn.2d at 94. Thus, under RCW 42.56.210(3), an agency must identify " 'with particularity' the specific record or information being withheld and the specific exemption authorizing the withholding." *Id.* (internal quotation marks omitted) (quoting *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 538, 199 P.3d 393 (2009)). Merely specifying the claimed exemption and identifying the withheld document's author, recipient, date of creation, and broad subject matter is insufficient. *See Sanders v. State*, 169 Wn.2d 827, 846, 240 P.3d 120 (2010) (holding that identification of the document and the claimed exemption does not constitute a brief explanation under RCW 42.56.210(3)).

---

[7] WCOG also asks that we rule, in the alternative, that a party may not claim that records are exempt from disclosure under the PRA when one party is also the attorney for an adverse party in the same case. WCOG provides no case law to support this argument. Also, as explained above, nothing in the record shows that Lindquist was an adverse party to the County in this case.

Contrary to WCOG's claim, the County's exemption logs did not merely assert that the redacted records were work product. The County also provided a brief explanation that certain records constituted work product because they contained mental impressions, legal opinions, and legal researched generated by or for an attorney in the *Nissen* litigation. Some of the exemption logs also explained that the redacted materials were shared with other parties based on a common claim or defense in the *Nissen* litigation. The County provided WCOG with the following brief explanations in its exemption logs:

> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product - Mental Impressions/legal opinions | Redacted or exempted material in prosecutor file contains mental impressions, legal opinions, legal research generated by or for an attorney.
>
> . . . .
>
> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product Document | Redacted or exempted material within prosecutor's file are documents gathered by an attorney and legal staff in anticipation of actual litigation in State v. Glenda Nissen v. Pierce County, Thurston County Superior Court No. 11-2-02312-2, Washington Supreme Court 908753 and 871876, Court of Appeals II 448521.
>
> . . . .
>
> RCW 42.56.290, CR 26, Sanders v. State of Washington, 169 W. 2d 827 (2010) | Work Product Document – Common interest | Redacted or exempted material in prosecutor records contain confidential communications from multiple parties pertaining to their common claim or defense, these communications remain privileged as to those outside their group.
>
> . . . .
>
> RCW 42.56.290, CR 26, Koenig v. Pierce County, 151 Wash.App. 221(2009) | Work Product Document | Redacted or exempted material within prosecutor's file are documents gathered by an attorney and legal staff in anticipation of actual litigation in State v. Glenda Nissen v. Pierce County, Thurston County Superior

15

No. 50718-8-II

> Court No. 11-2-02312-2, Washington Supreme Court 908753 and 871876, Court
> of Appeals II 448521.

CP at 2660-63, 2674

Nonetheless, WCOG argues that under *Sanders*, the County was required to (1) explain in writing that it had made a common interest agreement with the other parties in the *Nissen* litigation, (2) identify the scope of that agreement, and (3) identify all other parties to that common interest agreement. *Sanders* imposes no such requirements.

In *Sanders*, our Supreme Court held that merely identifying a document and the claimed exemption did not constitute a "brief explanation" under RCW 42.56.210(3). 169 Wn.2d at 846. An agency withholding or redacting records under RCW 42.56.210(3) must "specify the exemption *and* give a brief explanation of how the exemption applies to the document." *Id.* (emphasis in original). However, the *Sanders* court explained that the common interest doctrine is not one of the enumerated PRA exemptions. *Id.* at 853. It "is merely an exception to waiver." *Id.* at 854. Because the common interest doctrine is not one of the enumerated PRA exemptions, the County was not required to specify in the detail WCOG argues as to how the common interest doctrine applied to the redacted records in its brief explanation under RCW 42.56.210(3). *See Id.* at 853.

Also, even if such a detailed explanation is required when an agency waives its work product privilege, as explained above, the County did not waive its work product privilege by sharing the redacted documents with Lindquist and the amicus parties. Thus, we hold that the County did not violate the PRA by failing to explain in detail in its exemption logs how an exception to the waiver of a claimed exemption applied to the redacted records.

16

D.     FAILURE TO PRODUCE ELECTRONIC RECORDS

WCOG also argues that the County violated the PRA because it failed to adopt and enforce rules allowing for electronic dissemination of public records.[8] WCOG also claims that the County violated the PRA by communicating with WCOG through regular mail, rather than by email. We disagree.

Under RCW 42.56.100 "[a]gencies shall adopt and enforce reasonable rules and regulations . . . consonant with the intent of this chapter to provide full public access to public records . . . Such rules and regulations shall provide for the fullest assistance to inquirers and the most timely possible action on requests for information." However, "[n]othing in the PRA obligates an agency to disclose records electronically." *Mitchell v. Washington State Dep't of Corr.*, 164 Wn. App. 597, 606, 277 P.3d 670 (2011). WCOG cites no authority to the contrary. WCOG also cites to no authority holding that an agency must communicate through email upon request.

Instead, WCOG relies on WAC 44-14-05001, model rules promulgated by the Attorney General for processing electronic records requests. Under the model rules, "an agency should provide electronic records in an electronic format if requested in that format, if it is reasonable and feasible to do so." WAC 44-14-05001. While the model rules provide useful guidance to agencies, they are not binding. *Mitchell*, 164 Wn. App. at 606; *Mechling v. City of Monroe*, 152 Wn. App.

---

[8] At oral argument, WCOG expanded its argument by claiming the County failed to adopt *any* rules for responding to PRA requests. Wash. Court of Appeals oral argument, *supra*, at 11 min., 55 sec. to 12 min., 16 sec. However, in its briefing, WCOG references the "County's 2007 rules," which required requestors to provide an email address. Br. of Appellant at 47. Thus, WCOG's own briefing undermines its attempt to broaden its claim during oral argument that the County failed to adopt *any* rules for responding to PRA requests.

No. 50718-8-II

830, 849, 222 P.3d 808 (2009), *review denied*, 169 Wn.2d 1007 (2010).  Thus, WCOG fails to show that the County violated the PRA when it failed to adopt the model rules promulgated by the Attorney General.

E.      ATTORNEY FEES

WCOG requests attorney fees if it prevails on appeal under RAP 18.1.  Br. of Appellant at 50.  Because WCOG does not prevail on appeal, we decline to impose attorney fees.

CONCLUSION

We hold that the County met its burden of establishing that the work product privilege exemption applied to the redacted documents.  We also hold that the County's exemption logs were adequate and that the County did not violate the PRA by refusing to transmit the requested documents electronically.  Because we hold that the County did not violate the PRA, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, C.J.

18