13-2007-cv
*Service Women's Action Network v. Department of Defense,*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,

> *Circuit Judges*,

-----------------------------------------------

Service Women's Action Network, American Civil Liberties Union, American Civil Liberties Union of Connecticut,

> *Plaintiffs-Appellants*,                    13-2007-cv

> v.

Department of Defense, U.S.,

> *Defendant-Appellee.*\*

-----------------------------------------------

> D. ZACHARY HUDSON, Bancroft PLLC, Washington, DC (Sandra S. Park and Lenora M. Lapidus, American Civil

---

\*The Clerk of Court is directed to amend the caption to conform to the listing above.

Liberties Union, New York, New York; Sandra J. Staub, American Civil Liberties Union of Connecticut, Hartford, Connecticut; Michael J. Wishnie, Yale Law School Jerome N. Frank Legal Services Organization, New Haven, Connecticut, *on the brief*), *for Plaintiffs-Appellants*.

STEVE FRANK (Stuart S. Delery and Leonard Schaitman, *on the brief*), United States Department of Justice Civil Division, Appellate Staff, Washington, DC (Deirdre M. Daly, United States Attorney, District of Connecticut, New Haven, Connecticut, *on the brief*), *for Defendant-Appellee*.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The Service Women's Action Network, the American Civil Liberties Union, and the American Civil Liberties Union of Connecticut (together, "Appellants") appeal from the District Court's judgment in favor of the Department of Defense ("DOD") concerning Appellants' request, filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for records concerning Military Sexual Trauma – or "MST" – and related conduct in the armed forces. We review an order granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (alterations in original) (internal quotation marks omitted). In addition, we assume the parties' familiarity with the underlying facts, procedural

history of the case, and issues on appeal, which we reference only as necessary to explain our decision.

Prior to this litigation, Appellants filed a FOIA request with various DOD offices seeking records concerning the incidence of and response to MST and related conduct in the armed forces.[1] When the DOD failed to release responsive records, Appellants filed the instant suit. Following months of litigation, the DOD moved for summary judgment, in part, on the ground that responding to Appellants' request would be unduly burdensome. In their opposition brief, Appellants did not contest these estimates, but rather contended that the DOD overstated the burden of the search needed to satisfy the request by ignoring a purportedly narrowed request that Appellants had offered to the DOD during settlement negotiations. Though the DOD had neither acceded to the new request nor developed a record of the likely burden it would impose, Appellants contended that the request called for only a fraction of the records initially sought and thus could not be rejected as unreasonably broad. In its reply, the DOD argued against consideration of the new request and, relying on Appellants' estimates, asserted that the new request was still unreasonably broad. After argument on the motion, the District Court granted summary judgment in favor of the DOD, holding that Appellants' initial request was unreasonably burdensome and declining to "evaluate the reasonableness" of Appellants' new request due to the insufficiency of the record. *See Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 282, 291 (D. Conn. 2012). Appellants filed a motion for reconsideration, which the District Court denied. *See id.*, No. 3:11CV1534 (SRU), 2013 WL 1149946 (D. Conn. Mar. 19, 2013). This appeal followed.

---

[1] Appellants also filed a FOIA request with the Veterans Administration ("VA") that resulted in the VA being named in this suit, but Appellants and the VA settled those claims.

The DOD argues that we lack jurisdiction over this appeal because Appellants designated only the District Court's judgment in their notice of appeal and not its denial of their motion for reconsideration, in which Appellants asserted the bulk of the arguments before us. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *Gonzalez v. Thaler*, ⸺ U.S. ⸺, 132 S.Ct. 641, 651-52 (2012) (reaffirming Rule 3's jurisdictional nature). We disagree. Appellants, at a minimum, argued for consideration of their purportedly narrowed request in their opposition to summary judgment and at oral argument before the District Court, and the District Court rejected consideration of that request in its order and judgment on appeal. Thus, we are confident in our jurisdiction over this appeal.

That said, we are not persuaded by Appellants' arguments on appeal. We have repeatedly held that district courts need not consider claims raised for the first time in a brief opposing summary judgment. *See, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006). Appellants do not dispute that fact; instead, they argue that FOIA's goal of encouraging the "efficient, prompt, and full disclosure" of government records, *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 755 (D.C. Cir. 1978), demands that FOIA litigants be permitted to pursue requests that have been narrowed during litigation. However, the cases Appellants cite in support of this broad rule are inapposite. *See Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999) (remanding narrowed FOIA request because district court neglected affirmative duty to raise issue of segregability); *People for the Am. Way Found. v. U.S. Dep't of Justice*, 451 F. Supp. 2d 6, 12 (D.D.C. 2006) (considering narrowed request where the government "unequivocally" consented to the narrowed request during settlement negotiations conducted under the supervision of the district court); *Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F. Supp. 2d 958 (C.D. Cal.

4

2003) (rejecting consideration of narrowed request). Moreover, it is doubtful whether permitting FOIA litigants to narrow their requests at will in the midst of ongoing litigation would not itself destroy the "prompt" and "efficient" disclosure of government records, as litigants continually test the permissible breadth of their requests. Consequently, Appellants have failed to demonstrate that the District Court erred in declining to review their new request and, indeed, in concluding that the record before it was inadequate to do so. Because Appellants did not contest that their initial request was unreasonably burdensome, we conclude that the District Court properly granted judgment in favor of the DOD.

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment in favor of the DOD.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5