COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| JUAN ZABALA, | ) | No.   34961-6-III |
| | ) | |
| Appellant, | ) | ORDER DENYING MOTION |
| | ) | FOR RECONSIDERATION |
| v. | ) | AND WITHDRAWING THE |
| | ) | OPINION FILED APRIL 3, 2018 |
| OKANOGAN COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

THE COURT has considered appellant's motion for reconsideration and the answer thereto, and is of the opinion the motion should be denied.  Therefore,

IT IS ORDERED, the motion for reconsideration of this court's decision of April 3, 2018, is hereby denied.

IT IS FURTHER ORDERED, the court's opinion filed April 3, 2018 is hereby withdrawn and a new opinion will be filed this day.

PANEL:  Judges Fearing, Korsmo, Pennell

FOR THE COURT:

ROBERT LAWRENCE-BERREY, Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JUAN ZABALA, | ) | |
| | ) | No. 34961-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OKANOGAN COUNTY, | ) | PUBLISHED IN PART OPINION |
| | ) | |
| Respondent. | ) | |

FEARING, J. — Juan Zabala sues Okanogan County for violations of the Public

Records Act, chapter 42.56 RCW.  He contends the county failed to produce phone

conversation recordings of jail inmates and records relating to the recordings.  He further

argues that, even if this reviewing court holds the records to be exempt from disclosure,

Okanogan County violated the Public Records Act by failing to identify and list the

records withheld from production.  We readily conclude that RCW 70.48.100 shields

disclosure of the requested records, but we must also determine the obligation held by

Okanogan County when answering Zabala's demand for public records.  We also hold

that Okanogan County did not violate the Public Records Act when responding to

Zabala's requests for records.

FACTS

Juan Zabala sent five requests for public records to Okanogan County. On March 24, 2016, Juan Zabala sent a request to the Okanogan County Sheriff's Office that sought:

> any and all records related to recorded and/or monitored jail phone calls that were used in the prosecution of any crime by any of the Okanogan County Prosecutor's Offices.

Clerk's Papers (CP) at 127. Zabala limited this request to phone calls originating from Okanogan, Chelan, and Douglas Counties' adult correctional facilities.

On March 31, 2016, Juan Zabala sent a second request to the Okanogan County Sheriff's Office that did not contain any limitations, but instead demanded:

> any and all records related to recordings of inmate phone calls from any [a]dult [c]orrectional [f]acility. This request includes but is not limited to all voicemail, e[-]mail, audio, notes, reports, transcripts, arguments, motions, briefs, memos, letters and any other record related to the same.

CP at 128. Celeste Pugsley, the Okanogan County jail public records officer, timely responded to both requests, asserting that Zabala did not request identifiable records that could be reasonably located. Pugsley wrote, in part, to Zabala:

> However, your new request for any and all records related to recorded and/or monitored jail phone calls that were used in the prosecution of any crime by any of the Okanogan County Prosecutors Offices is so broad that the request is not for an identifiable record that agency staff can reasonably locate.

CP at 46. In Pugsley's declaration in support of Okanogan County's later motion to

2

dismiss, she further declared that the jail did not possess the records requested and that Pugsley would need to obtain that information from the prosecutor's office.

On April 5, 2016, Juan Zabala submitted a third and fourth request, with the fourth request sent four minutes after the third request. Both requests repeated the identical wording used in Zabala's first two requests, but this time Zabala directed the requests to the Okanogan County Prosecuting Attorney's Office. Okanogan County Deputy Prosecuting Attorney Albert Lin replied to both requests in one e-mail on April 6. Lin stated that Zabala's requests did not identify records that could be reasonably located.

Juan Zabala's counsel submitted a fifth request to the Okanogan County Prosecuting Attorney's office on June 3, 2016. The request again sought recorded phone calls placed by adult inmates in Okanogan, Chelan, or Douglas County. Counsel also demanded transcripts or summaries made of any such recordings and asked for:

> any records prepared by any employee of the Okanogan Prosecuting Attorney's Office that were later filed with any court or provided to any defense attorney that explicitly or implicitly mention such a phone call.

CP at 134. Counsel clarified, through an example, that an amended information adding a count of tampering with a witness, intimidating a witness, or violation of a no-contact order when the factual basis for the charge arose from such a phone call would be a responsive record. The request narrowed the scope of records sought to those created within the past three years and to only those records actually used in the context of criminal prosecution.

3

Shauna Field, the office administrator for the Okanogan County Prosecuting Attorney's Office, attempted to locate records requested by Juan Zabala's counsel. In a declaration in support of Okanogan County's later motion to dismiss, Field described the search she conducted. Using the date range of three years and the types of crimes suggested in the fifth request, Field, through use of Justware, her office's electronic case management software, located three hundred and sixty-eight files. According to Field, each case handled by the prosecutor's office utilizes various types of investigative materials. Field further explained that the prosecutor's office does not have a way to track the specific types of investigation materials, whether found in an electronic file or a physical file, used in each case. Justware's search capabilities are limited to case numbers, names and personal identifiers, involved agencies, statute of a crime, and date. The software system cannot identify, however, which of those case files referenced jail phone calls. The user of the software may view the evidence content of a case, such as police reports, audios, and videos, only after first accessing each case.

The Okanogan County Prosecuting Attorney's Office handles up to two thousand criminal cases per year, with each individual case involving various types of investigative records and recordings. The office does not have the ability to track the specific types of these records, nor does the office store the records in any manner other than its physical case files and electronic case management system, Justware.

According to Shauna Field, Juan Zabala's April 5, 2016 request would require the Okanogan County Prosecuting Attorney's Office to individually examine hundreds, if not thousands, of physical criminal case files in order to determine if and when the office utilized any inmate phone calls in prosecutions. Even if the office responded to the narrower June 3, 2016 response, the office would need to review at least three hundred and sixty-eight physical files, and no documents responding to the request might be found. Such a task would require the hiring of additional staff and/or the payment of overtime hours. In order to reasonably locate records from the prosecuting attorney's criminal case files, the office needs the names and case numbers of prosecutions. According to Field, none of Juan Zabala's public records requests identified records that can be reasonably located by the prosecutor's office.

The Okanogan County Prosecuting Attorney's Office responded to Juan Zabala's counsel's request, the fifth request, on June 4, 2016, claiming: (1) the request did not identify records that could be reasonably located, (2) the attorney work product exemption applied to some of the records sought, and (3) RCW 42.56.070 and RCW 9.73.095(3)(b) exempt disclosure of recorded conversations from correctional facilities. On June 29, 2016, Juan Zabala's counsel sent a letter to the Okanogan County Prosecuting Attorney's Office citing disagreement with the deputy prosecutor's response. Counsel stated that he failed to understand how his original request lacked particularity and offered to remove the narrowed scope of only "those records that were actually used

in the context of a criminal prosecution." CP at 80. The deputy prosecuting attorney responded on July 5, 2016, by again stating that defense counsel's requests "still do not identify records that can be reasonably located." CP at 84. The deputy prosecuting attorney clarified that in order to identify records that could be located, specific case names or numbers would be needed.

## PROCEDURE

Juan Zabala filed this lawsuit against Okanogan County. Okanogan County, with supporting declarations, filed a motion to dismiss. The trial court granted the motion. The trial court ruled that Zabala's requests were not public records requests and the requests did not identify records that can be reasonably located.

## LAW AND ANALYSIS

On appeal, Juan Zabala asserts two principal arguments. First, Okanogan County violated the Public Records Act by failing to produce the records relating to phone call recordings of jail inmates and the recordings themselves. Second, even assuming the records to be exempt, the county violated Public Records Act procedures by failing to list and identify the records it withheld from production and tie an exemption to each record. Okanogan County responds by arguing the Public Records Act does not control this dispute because two statutes, RCW 9.73.095(3) and RCW 70.48.100, remove jail recordings from the purview of the Public Records Act. Therefore, the county contends that, because of RCW 70.48.100, Zabala's requested records were exempt from

6

production, and it did not need to follow Public Records Act procedures concerning identifying exempt documents. The county also faults Zabala's request as not seeking identifiable records and as being burdensome.

Jail Inmate Phone Call Recordings

We first address whether Okanogan County properly withheld disclosure of the jail inmate phone recordings and records related to the recordings. We later address what response the county needed to provide Juan Zabala when denying his request for records.

The Public Records Act provides that public records shall be available for inspection and copying, and agencies shall, on request for identifiable public records, make them promptly available to any person. RCW 42.56.080. Some records are exempt from production, however. RCW 42.56.070(1) declares in part:

> Each agency, in accordance with published rules, shall make available for public inspection and copying all public records, *unless the record falls within the specific exemptions of* subsection (8) [renumbered from (6) per the Laws of 2017, ch. 304, § 1(1)] of this section, this chapter, or *other statute which exempts or prohibits disclosure of specific information or records*.

(Emphasis added.) Thus, the act lists three categories of exemptions: (1) exemptions found in RCW 42.56.070, (2) exemptions found elsewhere within the Public Records Act, and (3) exemptions created by "other statute." An "other statute" need not expressly address the Public Records Act, but it must expressly prohibit or exempt the release of records. *John Doe A v. Washington State Patrol*, 185 Wn.2d 363, 372, 374 P.3d 63

7

(2016). This appeal deals only with the "other statute" exemption.

The Public Records Act does not allow withholding of records in their entirety. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d 243, 261, 884 P.2d 592 (1994). Instead, agencies must parse individual records and must withhold only those portions that come under a specific exemption. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 261. Portions of records that do not come under a specific exemption must be disclosed. RCW 42.17.310(2); *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 261. An exception to this redaction requirement exists. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 261. If another statute (1) does not conflict with the act, and (2) either exempts or prohibits disclosure of specific public records in their entirety, then (3) the information may be withheld in its entirety notwithstanding the redaction requirement. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 262.

Okanogan County contends two "other" statutes shield inmate jail recordings and documents related to the recordings from disclosure in their entirety: RCW 9.73.095(3) and RCW 70.48.100(2). We address each statute separately.

RCW 9.73.095(3) declares:

> The *department of corrections* shall adhere to the following procedures and restrictions when intercepting, recording, or divulging any telephone calls from an offender or resident of a state correctional facility

as provided for by this section. The *department* shall also adhere to the following procedures and restrictions when intercepting, recording, or divulging any monitored nontelephonic conversations in offender living units, cells, rooms, dormitories, and common spaces where offenders may be present:

(a) Unless otherwise provided for in this section, after intercepting or recording any conversation, only the superintendent and his or her designee shall have access to that recording.

(b) *The contents of any intercepted and recorded conversation shall be divulged only as is necessary to safeguard the orderly operation of the correctional facility, in response to a court order, or in the prosecution or investigation of any crime.*

(c) All conversations that are recorded under this section, unless being used in the ongoing investigation or prosecution of a crime, or as is necessary to assure the orderly operation of the correctional facility, shall be destroyed one year after the intercepting and recording.

(Emphasis added.) Note that RCW 9.73.095(3) extends protection to inmate recordings only when recorded by the Department of Corrections. The statute does not cover recordings inside a county jail. We may not add words when the legislature has chosen not to include them. *Lake v. Woodcreek Homeowners Association*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Thus, we rule that RCW 9.73.095(3) does not exempt recordings requested by Juan Zabala.

The second statute, on which Okanogan County relies, RCW 70.48.100(2) extends to county jails. Subsection two of the statute bespeaks, in part:

Except as provided in subsection (3) of this section, *the records of a person confined in jail shall be held in confidence and shall be made available only to criminal justice agencies* as defined in RCW 43.43.705; or

(a) For use in inspections made pursuant to RCW 70.48.070;
(b) In jail certification proceedings;

9

(c) For use in court proceedings upon the written order of the court in which the proceedings are conducted;

(d) To the Washington association of sheriffs and police chiefs;

(e) To the Washington institute for public policy, research and data analysis division of the department of social and health services, higher education institutions of Washington state, Washington state health care authority, state auditor's office, caseload forecast council, office of financial management, or the successor entities of these organizations, for the purpose of research in the public interest. Data disclosed for research purposes must comply with relevant state and federal statutes;

(f) To federal, state, or local agencies to determine eligibility for services such as medical, mental health, chemical dependency treatment, or veterans' services, and to allow for the provision of treatment to inmates during their stay or after release. Records disclosed for eligibility determination or treatment services must be held in confidence by the receiving agency, and the receiving agency must comply with all relevant state and federal statutes regarding the privacy of the disclosed records; or

(g) Upon the written permission of the person.

(Emphasis added.) We quote the entire statute in appendix 1. None of the exceptions in the statute apply to thwart application of the exemption to Juan Zabala's public records request.

The only decision applying RCW 70.48.100 is *Cowles Publishing Co. v. Spokane Police Department*, 139 Wn.2d 472, 987 P.2d 620 (1999). A local newspaper sought the booking photograph of an arrestee. The state high court affirmed the police department's claim of exemption under the statute. The exemption applied despite the arrestee no longer being in jail and despite the jail sharing the photograph with the police department.

Juan Zabala sent Okanogan County officials five requests. Although some of the

10

later requests repeated, but narrowed, earlier requests, we do not read the later requests to void the earlier broader requests. When synthesized, the five requests sought from the Okanogan County Sheriff's Office and prosecuting attorney any and all records, created in the last three years, related to monitored or recorded phone calls of inmates in the Chelan County jail, Douglas County jail, or Okanogan County jail, including voice mail, e-mail, audio, notes, reports, transcripts, arguments, pleadings, motions, briefs, memos, and letters.

RCW 70.48.100(2) shields "records of a person confined in jail." Read broadly, the statute protects any government records of a jail inmate, including the inmate's housing permit applications processed by a city planning department. Nevertheless, we limit the breadth of the statute to records prepared as a result of the inmate being in jail.

We note that the statute does not limit the exemption to records only in the possession of the jail. As confirmed by the state Supreme Court in *Cowles Publishing Co. v. Spokane Police Department*, 139 Wn.2d 472 (1999), the exemption extends to the jail records despite the jail forwarding the records to another government agency. Thus, we hold that the exemption extends to all recordings and documents related to the recordings, even when in possession of the Okanogan County Prosecuting Attorney's Office. Since the exemption does not disappear when an agency other than the jail creates the records concerning the inmate, the exemption further extends to records created by the Okanogan County prosecuting attorney concerning the jail inmate, which

11

would include all records surrounding the telephone recordings. Thus, we hold that RCW 70.48.100 exempts all records sought by Juan Zabala from the two Okanogan County offices.

We speculate that the prosecuting attorney likely played some of the inmate telephone recordings or filed with the court clerk records surrounding the recordings. The public has a right to access court records. WASH. CONST. art. I, § 10; *Dreiling v. Jain*, 151 Wn.2d 900, 908, 93 P.3d 861 (2004). This public right, however, does not change our analysis under the Public Records Act. Juan Zabala has not sought access to court clerk records.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

Reasonably Identifiable Records

Our holding that Okanogan County properly denied production of Juan Zabala's requested records does not end review of Zabala's appeal. Zabala contends that, even if the county could withhold requested documents, the county violated the Public Records Act by failing to create an exemption log. Zabala contends that the county breached RCW 42.56.210(3) and RCW 42.56.520(4) by failing to identify each withheld document or recording and attaching an explanation for the exemption to each withheld record.

In response, Okanogan County urges, in part, that RCW 70.48.100 removes jail

12

records from the purview of the Public Records Act such that the county held no

obligation to follow the act's rules regarding responding to a public records request. The

county also contends that, even if the Public Records Act provisions control its reply, it

properly responded that Juan Zabala did not seek reasonably identifiable records.

Because we can resolve this case on other grounds, we do not address Okanogan

County's interesting contention that it need not fulfill the Public Records Act's dictates

regarding asserting an exemption.

RCW 42.56.080 reads, in part:

(1) A public records request must be for *identifiable records*. A
request for all or substantially all records prepared, owned, used, or retained
by an agency is not a valid request for identifiable records under this
chapter, provided that a request for all records regarding a particular topic
or containing a particular keyword or name shall not be considered a
request for all of an agency's records.
(2) . . . Agencies shall not deny a request for *identifiable public
records* solely on the basis that the request is overbroad..

(Emphasis added.) In reviewing whether Juan Zabala asked for identifiable public

records, we isolate the many requests by Zabala and his counsel as subsumed into the

following two categories:

1. recorded phone calls placed by adult inmates in Okanogan
County, Chelan County, or Douglas County.
2. any and all records created in the last three years related to
recordings of inmate phone calls from any adult correctional facility.

The first category of recorded phone calls seeks readily identifiable records. We

do not know if the Okanogan County Prosecuting Attorney's Office possesses electronic

13

recordings of phone calls, physical recordings of calls, or both. Locating the records may consume significant time, but the prosecuting attorney's office should be able to peruse each physical or electronic file and find each recording. Administrative inconvenience or difficulty does not excuse strict compliance with the Public Records Act. *Benton County v. Zink*, 191 Wn. App. 269, 280, 361 P.3d 801 (2015).

The more difficult question concerns the second category of requests—all records relating to the recordings. Often the requestor seeks a readily identifiable record because the requestor employs a title for the document such as the 1988 study by BioEngineers on the Impact of Glue Sniffing. Unfortunately, Juan Zabala seeks a broad category of records and the Okanogan County Prosecuting Attorney's Office records will not include a heading that reads: this record relates to a jail inmate recording.

Record requestors are not required to supply the exact name of the record, but requests must be for identifiable records or a class of records. *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522, 326 P.3d 688 (2014). We conclude that, because of the use of words "any," "all," and "related to" and because the requested records hold confidential attorney notes, Juan Zabala does not seek identifiable records. In so concluding, we traverse the competing values of government transparency and accommodating an agency in performing its many duties other than locating and accessing records.

Initially we address Okanogan County's contention concerning the inability to

14

perform a computer search for the requested records. The Okanogan County Prosecuting Attorney's Office emphasizes its inability to identify, by a search query under its computer software program, those files in which lies a jail inmate recording. We assume this impossibility extends to pleadings, memoranda, or other records inside files that reference recordings.

RCW 42.56.080(1) permits requests for all records regarding a particular topic or containing a particular keyword or name. The statute's reference to a keyword implies that the government agency will often employ an electronic search of its files.

A few Washington decisions and many foreign and federal decisions address whether a government entity performed a reasonable search when employing keyword searches of electronic records. Nevertheless, only one Washington decision tangentially relates to the question of whether records must be capable of being found when searched by key words on a computer software program in order to be "reasonably identifiable." In *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515 (2014), the television station requested copies of police officer patrol car video and audio recordings. The department's information technology expert concluded that the department could not query its software system to generate a report that would provide a list of retained videos. The department therefore responded to the requestor that: "Without this capability we are unable to respond to your request." *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d at 520. Without any analysis, the court concluded that the city had

the capability to produce the list, so, to the extent that its ability to produce the videos was contingent on its ability to produce the list, its response violated the Public Records Act. The court did not indicate whether the city police department needed to extensively hand comb each file and drawer and cabinet and isolate each requested video or audio recording.

We conclude that the inability to perform a key word search in computer files does not excuse a government entity's response to a public records request. Nevertheless, we also conclude that the inability to perform a key word search for electronic records can be considered in determining whether the records sought are identifiable.

Juan Zabala seeks "any and all" records related to jail inmate recordings. We discern difficulty in a government agency responding to a request seeking "all" records relating to a broad subject. RCW 42.56.080(1) expressly declares a request for "all" or "substantially all" records as an invalid request. Juan Zabala, however, limits his request to all records related to a particular subject.

The state public disclosure act closely parallels the federal Freedom of Information Act, 5 U.S.C. § 552, and thus judicial interpretations of the federal act assist in construing our own. *Servais v. Port of Bellingham*, 127 Wn.2d 820, 835, 904 P.2d 1124 (1995). RCW 42.56.080's requirement of "identifiable" records echoes the federal requisite that the request "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3)(A). Under federal law, the requestor satisfies the requirement if a

16

professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort. *Marks v. United States, Department of Justice*, 578 F.2d 261, 263 (9th Cir. 1978); *Freedom Watch, Inc. v. Central Intelligence Agency*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). While no specific formula for a reasonable description of a record can be established, the requirement will generally be satisfied if the requestor gives the name, subject matter, location, and years at issue, of the requested records. 26 C.F.R. § 601.702(c)(4)(i)(A) (IRS regulation). The linchpin inquiry is whether "the agency is able to determine precisely what records are being requested." *Tax Analysts v. Internal Revenue Service*, 326 U.S. App. D.C., 117 F.3d 607, 610 (1997) (quoting *Yeager v. Drug Enforcement Agency*, 220 U.S. App. D.C. 1, 678 F.2d 315, 326 (1982).

Broad, sweeping requests lacking specificity are not sufficient. *American Federation of Government Employees Local 2782 v. United States Department of Commerce*, 632 F. Supp. 1272, 1278 (D.D.C. 1986), *aff'd*, 907 F.2d 203 (1990). An agency need not respond to a request that is so broad as to impose an unreasonable burden on the agency, such as one that requires the agency to locate, review, redact, and arrange for inspection a vast quantity of material. *Service Women's Action Network v. Department of Defense*, 888 F. Supp. 2d 282, 290-91 (D. Conn. 2012). The rationale for this rule is that the Freedom of Information Act was not intended to reduce government agencies to full-time investigators on behalf of requestors. *Dale v. Internal Revenue*

*Service*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002).

In *National Security Counselors v. Central Intelligence Agency*, 960 F. Supp. 2d 101 (D.D.C. 2013), an organization sought a copy of "all CIA records pertaining to the IBM supercomputer Watson." *National Security Counselors v. Central Intelligence Agency*, 960 F. Supp. 2d at 161. The court upheld the agency's refusal to produce the records as not reasonably describing the records sought. The search would require an all-encompassing search of all agency records.

In addition to Juan Zabala's second request seeking all records on a particular subject, the request seeks records "related" to jail inmate recordings. The word "related" holds inherent ambiguity. We assume that the request extends to records with any relationship to the recordings regardless of how direct or indirect the relationship might be. Nevertheless, one searching for the records likely would be unable to discern when a particular document indirectly relates to a recording and may even encounter some difficulty in determining if a record directly relates to a recording.

We return to some federal law cases and principles. A request for all documents "relating to" a subject is usually subject to criticism as overbroad since life, like law, is a seamless web and all documents relate to all others in some remote fashion. *Massachusetts Department of Public Welfare v. United States Department of Health & Human Services*, 727 F. Supp. 35, 36 n.2 (D. Mass. 1989). An agency should not be required to sift and analyze records to determine what records are covered under the

18

request. *National Security Counselors v. Central Intelligence Agency*, 960 F. Supp. 2d at 158 (D.D.C. 2013). The agency should not be left to perform a subjective analysis as to the records requested. *National Security Counselors v. Central Intelligence Agency*, 960 F. Supp. 2d at 158. The Freedom of Information Act was not intended to commandeer agency employees into research assistants. *National Security Counselors v. Central Intelligence Agency*, 960 F. Supp. 2d at 160 n.28.

Juan Zabala has not provided a precise request. Instead he has submitted a broad and sweeping request for records that would entail the employment of guesswork to fulfill and would compel prosecuting attorney's office staff to serve as his research assistants.

Juan Zabala seeks records in the Okanogan County Prosecuting Attorney's Office. Some of those records will likely contain legal impressions and strategies of an attorney prosecuting a crime. The prosecuting attorney's office has legitimately objected to disclosing records in part based on the attorney work product exemption. Under RCW 42.56.290, an agency need not disclose "[r]ecords that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." This exemption includes communications containing attorney work product. *Block v. City of Gold Bar*, 189 Wn. App. 262, 279-80, 355 P.3d 266 (2015).

In *State ex rel. Strothers v. Keenon*, 2016-Ohio-405, 59 N.E.3d 556 (Ct. App.), an

19

Ohio resident sought from a board of education all staff personnel records. The court noted that, before producing the records, the board would need to excise confidential information regarding each employee from the employee file. This process would place "quite a burden" on the board. *State ex rel. Strothers v. Keenon*, 59 N.E.3d at 562. The court thereby declared the request overly broad and as failing to identify the requested records with reasonable clarity. A response by the board would unreasonably interfere with the board's other duties.

In *Irons v. Schuyler*, 151 U.S. App. D.C. 23, 465 F.2d 608 (1972), a citizen sought from the Commissioner of Patents of the United States, under the Freedom of Information Act, "all unpublished manuscript decisions of the Patent Office, together with such indices as are available." The commissioner responded that the blanket request for all unpublished manuscript decisions did not comply with the requisite of a request for "identifiable records." The associate solicitor of the Patent Office filed an affidavit that declared that the Patent Office maintained more than 3,500,000 files of patents, approximately 100,000 files of patent interferences, approximately 180,000 pending patent applications, and over a million abandoned patent applications, any of which may contain one or more manuscript decisions. The trial court agreed with the Patent Office that the citizen failed to present a reasonable request for specific material. The trial court suggested that the citizen narrow his request to identifiable opinions in part because the request was not specific enough to decide if any particular decision or decisions could be

made available since some of the requested information might need to be kept confidential.

## Identification of Exempt Records

Juan Zabala requests that we remand to the trial court with instructions that Okanogan County be ordered to disclose all exempt responsive records. We assume that Zabala does not ask that the entire recordings or the pages relating to the records be produced with the appropriate redactions. Redacting confidential information from the recordings would leave nothing. In reading other sentences in Zabala's request, we discern that Zabala asks that the county provide a specific means to identify each record withheld in its entirety. The disclosure would include the type of record, its date and number of pages, and, unless otherwise protected, the author and recipient, or if protected, other means of sufficiently identifying particular records without disclosing protected content. In turn, the county would, in writing, articulate a specific applicable exemption and provide a brief explanation of how the exemption applies to the record withheld.

As already ruled, one of Juan Zabala's categories of requested records seeks records not reasonably identifiable. Because those records cannot be identified, Okanogan County holds no obligation to identify the records and provide the additional information sought by Zabala. As to jail inmate phone recordings, Okanogan County has properly notified Zabala of the exemption available for the recordings. Still, Okanogan

County has not identified what recordings exist.

We question what purpose is served for the Okanogan County Prosecuting Attorney's Office to peruse hundreds, if not thousands, of its files, identify files that contain jail inmate recordings, and then prepare and send an exemption log to Juan Zabala when such a task would require the hiring of additional staff or the payment of overtime hours. We wonder why the prosecuting attorney's office should engage in this task when Juan Zabala is not entitled to any portion of the recordings requested.

The controlling statute, RCW 42.56.520, declares:

> **Prompt responses required.**
> (1) Responses to requests for public records shall be made promptly by agencies. . . . Within five business days of receiving a public record request, an agency . . . must respond in one of the ways provided in this subsection (1):
> (a) Providing the record;
> . . . .
> (e) Denying the public record request.
> (2) Additional time required to respond to a request may be based upon the need to clarify the intent of the request, to locate and assemble the information requested, to notify third persons or agencies affected by the request, or to determine whether any of the information requested is exempt and that a denial should be made as to all or part of the request.
> . . . .
> (4) Denials of requests must be accompanied by a written statement of the specific reasons therefor.

RCW 42.56.070 also states, in part: "in each case, the justification for the deletion shall be fully explained in writing."

Some principles favor requiring Okanogan County to identify each jail inmate

recording as to the name of the inmate, the location of the jail, and the date of the recording. The Supreme Court has emphasized the need for particularity in the identification of records withheld and exemptions claimed. *City of Lakewood v. Koenig*, 182 Wn.2d 87, 94, 343 P.3d 335 (2014). Therefore, in order to ensure compliance with the statute and to create an adequate record for a reviewing court, an agency's response to a requestor must include specific means of identifying any individual records which are being withheld in their entirety. *City of Lakewood v. Koenig*, 182 Wn.2d at 94. This requirement ensures compliance with the statute and provides an adequate record on review. *City of Lakewood v. Koenig*, 182 Wn.2d at 94. Also, administrative inconvenience does not relieve an agency of its duty to comply with the Public Records Act. *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 130, 580 P.2d 246 (1978).

Our state Supreme Court has denounced the "silent withholding" of information in response to a Public Records Act request. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 270 (1994). Silent withholding would allow an agency to retain a record or portion without providing the required link to a specific exemption and without providing the required explanation of how the exemption applies to the specific record withheld. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 270. Without a specific identification of each individual record withheld in its entirety, the reviewing court's ability to conduct the statutorily required de novo review is vitiated. *Progressive Animal Welfare Society v. University of*

23

*Washington*, 125 Wn.2d at 270. In *Rental Housing Association of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 539-40, 199 P.3d 393 (2009), the Supreme Court held that the city's reply letter did not adequately describe individually the withheld records by stating the type of record withheld, date, number of pages, and author and recipient or explain which individual exemption applied to which individual record rather than generally asserting the controversy and deliberative process exemptions as to all withheld documents.

Still other principles suggest Okanogan County should be excused from identifying each inmate recording withheld from production. Courts have never required repetitive, detailed explanations for each piece of withheld information. *Judicial Watch, Inc. v. Food & Drug Administration*, 371 U.S. App. D.C. 187, 449 F.3d 141, 147 (2006). The agency may not be required to justify its refusal on a document-by-document basis. *Murray v. New Hampshire Division of State Police, Special Investigation Unit*, 154 N.H. 579, 913 A.2d 737, 741 (2006). The agency need only provide the court with sufficient information for it to understand the basic reasoning behind the claimed exemption. *Morley v. Central Intelligence Agency*, 378 U.S. App. D.C. 411, 508 F.3d 1108, 1123 (2007). The level of detail necessary for a requestor to determine whether an exemption is properly invoked will depend on both the nature of the exemption and the nature of the document or information. *City of Lakewood v. Koenig*, 182 Wn.2d at 95 (2014). The Washington Legislature does not wish excessive interference with other essential

24

functions of the agency with a public records request. RCW 42.56.100.

To provide an exemption log for Juan Zabala, Okanogan County would, in essence, be providing a list of information as to which jail inmates jails recorded phone calls. Juan Zabala's Public Records Act simply becomes a request for information not for records. An agency need not mine data from distinct systems and create a new document. *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, 180 Wn.2d at 523 (2014).

Since none of the recordings must be disclosed, Okanogan County would in part be performing a futile task. In general, the government need not undertake a futile act. *State v. Hernandez*, 192 Wn. App. 673, 687-88, 368 P.3d 500, *review denied*, 186 Wn.2d 1006, 380 P.3d 452 (2016); *Robinson v. Employment Security Department*, 84 Wn. App. 774, 779, 930 P.2d 926 (1996). Okanogan County has provided the court a sufficient response to enable the court to determine whether an exemption applies.

Under the unique circumstances of this appeal, we rule that Okanogan County complied with the Public Records Act when declining to provide an exhaustive list of cases in which it holds a jail inmate phone call recording.

### Attorney Fees

Both parties request attorney fees be awarded on appeal. Pursuant to RCW 42.56.550(4), any person who prevails against an agency in seeking the right to inspect or

copy a public record is entitled to reasonable attorney fees. Since Juan Zabala does not prevail against Okanogan County, we deny his request for attorney fees.

Okanogan County asserts three bases for requesting reasonable attorney fees and costs: RAP 14.2, RAP 18.1, and RAP 18.9. RAP 18.1 allows an award of reasonable attorney fees and costs if another rule or statute authorizes the award. RCW 42.56.550(4) authorizes an award only to a person prevailing against the government agency. Okanogan County cites no other statutory basis for a grant of fees.

The county argues that RAP 18.9 gives authority for an award of attorney fees since Juan Zabala filed a frivolous appeal. An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal. *Fay v. Northwest Airlines Inc.*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990). We do not consider Juan Zabala's appeal frivolous. Only one case addresses the applicability of RCW 70.48.100 and that decision involves records of a different nature. No court has addressed whether records sent by a jail to a prosecuting attorney and used in court proceedings retains a shield from Public Records Act's disclosure. More importantly, this appeal addresses unique questions regarding the extent to which an agency must supply information when claiming an exemption.

Okanogan County asks for an award of fees pursuant to RAP 14.2 for being the substantially prevailing party on review. "Attorney fees under RAP 14.2 are statutory

26

No. 34961-6-III
*Zabala v. Okanogan County*

attorney fees and costs are limited to costs on review." *Hudson v. Hapner*, 170 Wn.2d 22, 35, 239 P.3d 579 (2010). We award Okanogan County the statutory attorney fees allowed by RAP 14.2.

## CONCLUSION

We affirm the trial court's dismissal of Juan Zabala's Public Records Act suit.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

No. 34961-6-III
*Zabala v. Okanogan County*


Appendix 1

RCW 70.48.100

(1) A department of corrections or chief law enforcement officer responsible for the operation of a jail shall maintain a jail register, open to the public, into which shall be entered in a timely basis:

(a) The name of each person confined in the jail with the hour, date and cause of the confinement; and

(b) The hour, date and manner of each person's discharge.

(2) Except as provided in subsection (3) of this section, the records of a person confined in jail shall be held in confidence and shall be made available only to criminal justice agencies as defined in RCW 43.43.705; or

(a) For use in inspections made pursuant to RCW 70.48.070;

(b) In jail certification proceedings;

(c) For use in court proceedings upon the written order of the court in which the proceedings are conducted;

(d) To the Washington association of sheriffs and police chiefs;

(e) To the Washington institute for public policy, research and data analysis division of the department of social and health services, higher education institutions of Washington state, Washington state health care authority, state auditor's office, caseload forecast council, office of financial management, or the successor entities of these organizations, for the purpose of research in the public interest. Data disclosed for research purposes must comply with relevant state and federal statutes;

(f) To federal, state, or local agencies to determine eligibility for services such as medical, mental health, chemical dependency treatment, or veterans' services, and to allow for the provision of treatment to inmates during their stay or after release. Records disclosed for eligibility determination or treatment services must be held in confidence by the receiving agency, and the receiving agency must comply with all relevant state and federal statutes regarding the privacy of the disclosed records; or

(g) Upon the written permission of the person.

(3)(a) Law enforcement may use booking photographs of a person arrested or confined in a local or state penal institution to assist them in conducting investigations of crimes.

(b) Photographs and information concerning a person convicted of a sex offense as defined in RCW 9.94A.030 may be disseminated as provided in RCW 4.24.550, 9A.44.130, 9A.44.140, 10.01.200, 43.43.540, 43.43.745, 46.20.187, 70.48.740, 72.09.330, and section 401, chapter 3, Laws of 1990.

(4) Any jail that provides inmate records in accordance with subsection (2) of this

28

section is not responsible for any unlawful secondary dissemination of the provided inmate records.