# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LORI SHAVLIK,<br><br>               Appellant,<br><br>    v.<br><br>CITY OF GOLD BAR,<br><br>               Respondent. | No. 78422-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: September 16, 2019 |

APPELWICK, C.J. — Shavlik made a public records request for a 2009 e-mail sent to the City's former mayor. She sued the City after it produced the e-mail, alleging that it violated the Public Records Act[1] by withholding records not exempt from public disclosure and refusing to produce the e-mail in its native format with metadata. The trial court denied her motion to subpoena the City's former and current mayors, and dismissed her claims on summary judgment. Shavlik argues that the trial court violated her right to conduct discovery and erred in holding that the City did not have to produce the e-mail in its native format with metadata. She also contends that the City failed to provide an adequate exemption log. We affirm.

## FACTS

On March 5, 2017, Lori Shavlik made the following public records request to the City of Gold Bar (City): "*Pursuant to [chapter] 42.56 [RCW] please provide; e[-]mail in native format with metadata sent from Barbara Johnson to Crystal*

---

[1] Chapter 42.56 RCW.

*Hill on March 2, 2009, (only format acceptable would be [personal storage table (PST)]).*" Crystal Hill Pennington is the City's former mayor. The City responded two days later, stating that her request would be ready by May 12, 2017.

On April 17, 2017, the City produced several documents in response to Shavlik's request. This production included a March 2, 2009 redacted e-mail from Johnson to Hill Pennington, a document stating that there was no metadata, a key to public record exemptions for the City, and an exemption log listing one redaction in the e-mail string. The City sent the documents to Shavlik by e-mail in portable document format (PDF). Once exempt information is redacted from an e-mail, the e-mail cannot be provided in native format, or else the requester would be able to view the exempt information.

Shavlik continued to request the e-mail in native or PST format with metadata. In response, the City explained that, due to the redaction, "there is no native format of this e-mail." On November 29, 2017, Shavlik sued the City, alleging that it violated the Public Records Act (PRA), chapter 42.56 RCW. She specifically alleged that the City withheld records not exempt from public disclosure and refused to produce the e-mail "in native searchable format including metadata as requested."

On January 22, 2018, Shavlik obtained a commissioner's signature ex parte on a subpoena for Hill Pennington's deposition. Shavlik never served a copy of the subpoena on the City. After learning of the subpoena from Hill Pennington, the City moved to quash it. A commissioner granted the City's motion and ordered the

parties to "obtain permission from this court for future depositions, requiring timely notice to all counsel of record."

On March 15, 2018, Shavlik filed a motion for partial summary judgment as to the City's alleged PRA violations, and a motion for in camera review. She asked the trial court to review "the e[-]mail in native format with metadata . . . and in the paper format provided to [Shavlik]."

Shavlik then filed a motion for subpoenas of three witnesses: (1) Hill Pennington, (2) William Clem, the City's current mayor, and (3) Michael Meyers, the City's information technology (IT) consultant. The City opposed Shavlik's motion, arguing (1) that it was moot, given her pending summary judgment motion, and (2) that Hill Pennington and Clem's depositions were not likely to lead to the discovery of admissible evidence. On April 13, 2018, a commissioner denied Shavlik's motion for subpoenas as to Hill Pennington and Clem.[2]

The same day, the City filed its own motion for summary judgment.[3] Three days later, Shavlik filed a motion to modify the commissioner's ruling regarding her motion for subpoenas. The trial court denied the motion. Shavlik then filed, on May 15, 2018, a second motion for partial summary judgment, and a second motion for in camera review.

---

[2] The commissioner reserved the motion as to Meyers, because his deposition was not scheduled to occur until after the motion for summary judgment. She stated that the motion could be reviewed at the hearing on the City's motion for summary judgment.

[3] It is unclear what happened to Shavlik's pending motions for partial summary judgment and in camera review. The City notes that Shavlik struck her motion for partial summary judgment after her motion for subpoenas was denied, but it does not provide a citation to the record.

The trial court heard the City's motion for summary judgment on May 22, 2018. At the hearing, Shavlik agreed that it would be appropriate for the trial court to conduct an in camera review of the unredacted e-mail to determine whether it was subject to attorney-client privilege. The City then provided the e-mail to the trial court.

After conducting its in camera review, the trial court found that the redaction contained an attorney-client communication, "and therefore the City's assertion of attorney client privilege is well-founded." The trial court also granted the City's summary judgment motion. It held:

> While Ms. Shavlik asserts that the [City] had the ability to provide the e[-]mail in native format, with metadata, she has submitted no evidence to that effect. The [City] has submitted declarations to the contrary. While . . . Shavlik finds the declarations not credible, it is not appropriate for the Court to assess credibility at a summary judgment hearing. Therefore, the City's position is unrefuted. The City timely complied with the public records request. The City's privilege log was sufficient. The in camera review reveals no violation of the statutory attorney client exemption. Therefore, summary judgment is appropriate in this case.

(Italics omitted.) Shavlik appeals.

## DISCUSSION

Shavlik makes three arguments. First, she argues that the trial court violated her right to conduct discovery in denying her motion to subpoena Hill Pennington and Clem. Second, she argues that the trial court erred in holding that the City did not have to produce the requested e-mail "in native format with

metadata." Third, she argues that the City failed to provide an adequate exemption log, thereby making her the prevailing party.[4]

The PRA mandates the broad disclosure of public records. Resident Action Council v. Seattle Hous. Auth., 177 Wn.2d 417, 431, 327 P.3d 600 (2013). Agencies must disclose any public record on request unless it falls within a specific, enumerated exemption. Neigh. Alliance of Spokane County v. Spokane County, 172 Wn.2d 702, 715, 261 P.3d 119 (2011). "The burden is on the agency to show a withheld record falls within an exemption, and the agency is required to identify the document itself and explain how the specific exemption applies in its response to the request." Id.

We review challenges to an agency action under the PRA de novo. RCW 42.56.550(3); Resident Council, 177 Wn.2d at 428. We review interpretations of law de novo. Neigh. Alliance, 172 Wn.2d at 715. And, we review grants of summary judgment de novo, engaging in the same inquiry as the trial court. Id.

Summary judgment is appropriate only when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). If a plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to that

---

[4] In Shavlik's issue statements, she also appears to argue that the trial court was required to review the requested e-mail "in native format with metadata" in conducting its in camera review. However, she provides no authority to support this proposition, and does not address it in the remainder of her brief. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Accordingly, we reject Shavlik's argument.

party's case, and on which that party will bear the burden of proof at trial,'" summary judgment is proper. Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)), overruled on other grounds by 130 Wn.2d 160, 922 P.3d 69 (1996).

I. Discovery

Shavlik argues first that the trial court violated her right to conduct discovery in denying her motion to subpoena Hill Pennington and Clem.

The civil rules control discovery in a PRA action. Neigh. Alliance, 172 Wn.2d at 716. Under CR 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." If information is relevant, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. It is within the trial court's discretion to narrow discovery, but "it must not do so in a way that prevents discovery of information relevant to the issues that may arise in a PRA lawsuit." Neigh. Alliance, 172 Wn.2d at 717. We review a trial court's discovery orders for abuse of discretion. Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686, 694, 295 P.3d 239 (2013).

A. Hill Pennington

Shavlik sought to depose Hill Pennington because she is the City's former mayor and received the requested e-mail. Shavlik also noted that Hill Pennington had the City's "[attorney] fill out her declaration in this case." The trial court denied

6

Shavlik's motion to subpoena Hill Pennington because the City had already stipulated that she received the e-mail. It held that her testimony was not likely to lead to admissible evidence at trial.

Shavlik alleged the following in her complaint:

> 3.2 The City has violated [chapter 42.56 RCW] by withholding records that are not exempt from public disclosure or which should have been redacted rather than withheld in their entirety.
> 3.3 The City has violated [chapter 42.56 RCW] by refusing to adequately respond to Plaintiff's public records request it labeled PRR.
> 3.4 The City has violated [chapter 42.56 RCW] by refusing to produce responsive records in native searchable format including metadata as requested.
> 3.5 The City has violated [chapter 42.56 RCW's] mandate that it must provide the "fullest assistance to the []requester" when Plaintiff requested that all records be e[-]mailed or sent by drop box.

Hill Pennington is the City's former mayor. She is not the City's public records officer, nor is she responsible for responding to public records requests. And, the City stipulated that she received the e-mail. Thus, whether she received it is not at issue.

A party may obtain discovery through deposition if the information sought is relevant to the pending action, and appears reasonably calculated to lead to the discovery of admissible evidence. CR 26(a)-(b)(1). Because Hill Pennington was not involved with the e-mail's production or redaction, it is unclear what other information she has that would be reasonably calculated to lead to the discovery of admissible evidence regarding Shavlik's allegations. Her motion for a subpoena does not address this question, and she fails to address it on appeal.

As the party seeking to depose Hill Pennington, it is Shavlik's burden to establish that her deposition was reasonably calculated to lead to the discovery of admissible evidence. The City explained factually why the deposition would not do so. Shavlik offered no facts to rebut the City's argument. It was within the trial court's discretion to weigh the evidence and deny her motion.

Accordingly, the trial court did not abuse its discretion in denying Shavlik's request to subpoena Hill Pennington for a deposition.

B. Clem

Shavlik sought to depose Clem because he is the City's current mayor "and has personal knowledge of the records and location in question." She also stated that Clem "is relevant [because he has] knowledge, control[,] and power over these records." The trial court denied Shavlik's motion to subpoena Clem because he was not the City's mayor at the time of the e-mail, and the City had already stipulated to receiving the e-mail. It held that his testimony was not likely to lead to admissible evidence at trial.

Clem is the City's current mayor. He is not the City's public records officer, nor is he responsible for responding to public records requests. He stated in a declaration that he was not involved in Shavlik's request, and does not have personal knowledge of it. And, the City stipulated that the e-mail is in its custody and control. Thus, its location is not at issue.

Again, because Clem was not involved with the e-mail's production or redaction, it is unclear what information he has that would be reasonably calculated to lead to the discovery of admissible evidence regarding Shavlik's allegations.

Shavlik failed to address this question in her motion, and does not address it on appeal. As the party seeking to depose Clem, she had the burden to establish that his deposition was reasonably calculated to lead to the discovery of admissible evidence. The City provided a factual basis to rebut her assertion that Clem had personal knowledge of the records or control over them. Shavlik offered no facts to the contrary. It was within the trial court's discretion to weigh the evidence and deny her motion.

As a result, the trial court did not abuse its discretion in denying her request to subpoena Clem.

The trial court did not violate Shavlik's right to conduct discovery.

II.   Native Format and Metadata

Shavlik argues second that the trial court erred in holding that the City did not have to produce the e-mail "in native format with metadata" despite her request. In doing so, she contends that it violated the holding in O'Neill v. City of Shoreline, 170 Wn.2d 138, 240 P.3d 1149 (2010).

In O'Neill, the State Supreme Court held that an electronic version of a record, including its embedded metadata, is a public record subject to disclosure. Id. at 147. The City argues that there was no metadata associated with the "sent" e-mail that Shavlik requested. Meyers, the City's IT consultant, stated in a declaration that "[o]nly once an e[-]mail is received by someone does it have metadata attached to it." And, that is why the City attached a document to its response stating that there was no metadata.

9

But, in her request, Shavlik sought an e-mail "*sent from Barbara Johnson to Crystal Hill.*" She did not request a copy of the e-mail from the sender, Johnson. She requested a copy of the e-mail sent to Hill Pennington. Necessarily, this means that she sought a copy of the e-mail Hill Pennington received. Meyers stated in a declaration that an e-mail has metadata attached to it once it is received by someone. The City does not argue that it lacks a copy of the e-mail Hill Pennington received or that the e-mail she received did not have metadata attached.

While an electronic version of a record is subject to disclosure, "[n]othing in the PRA obligates an agency to disclose records electronically." Benton County v. Zink, 191 Wn. App. 269, 281, 361 P.3d 801 (2015). Rather,

> Reasonableness and technical feasibility are the touchstones for providing electronic records. An agency should provide reasonably locatable public records in either their original generally commercially available format (such as an Acrobat PDF® file) or, if the records are not in a generally commercially available format, the agency should provide them in a reasonably translatable electronic format if possible.

WAC 44-14-05001.

The City provided the requested e-mail in PDF format. Jones explained in her declaration that "[o]nce exempt information is redacted from an e[-]mail, the e[-]mail cannot be provided in the native format or the recipient would be able to review the redacted information." Shavlik did not provide evidence that the City could, in fact, produce the e-mail in native format without revealing the redacted material. Nor does she cite authority requiring it to do so when the production will reveal a privileged communication. The attorney client privilege in RCW

5.60.060(2) protects confidential communications between an attorney and a client from discovery or public disclosure. Mechling v. City of Monroe, 152 Wn. App. 830, 852, 222 P.3d 808 (2009).

The record does not indicate that the City was unable to produce a non-native version, such as a PDF, of the received e-mail's metadata without revealing the redacted material. But, Shavlik requested the e-mail in native (digital) format with metadata, not in paper format. Accordingly, due to the presence of the properly redacted material, the City was not required to produce the e-mail in native format with metadata.

The trial court did not err in granting the City summary judgment on this issue.

III. Exemption Log

Shavlik argues last that the City failed to provide an adequate exemption log. Specifically, she asserts that the City "failed to explain why only paper was provided and why only pages one and six were provided with no explanation [as to] why pages two, three, four[,] and five were not provided . . . and were not logged." She states that the City's failure to provide an adequate log makes her the prevailing party.

"When an agency withholds or redacts records, its response 'shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld.'" City of Lakewood v. Koenig, 182 Wn.2d 87, 94, 343 P.3d 335 (2014) (quoting RCW 42.56.210(3)). The plain language of RCW 42.56.210(3) requires that an agency

11

identify with particularity the specific record information being withheld, and the specific exemption authorizing the withholding. Id. "The log should include the type of information that would enable a records requester to make a threshold determination of whether the agency properly claimed the privilege." Gronquist v. Dep't of Licensing, 175 Wn. App. 729, 744, 309 P.3d 538 (2013).

In Block v. City of Gold Bar, this court held that the City's privilege log for redacted documents was adequate when, apart from citing an exemption, the City included a brief explanation. 189 Wn. App. 262, 286, 355 P.3d 266 (2015). For example, the City stated, "'content is attorney advice to client,'" and "'content is requesting attorney advice.'" Id. This court found that "the log's descriptions of the redacted content and its brief explanations allowed Block to make threshold determinations about whether the claimed exemptions were valid." Id. at 286-87.

Here, the City made one redaction on the second page of the e-mail. It provided Shavlik with an exemption log, and a key to that log. In a column titled "Redaction Key," the log states "1a." According to the City's key, code "1a" means "[r]edacted content is communication between client and attorney for the purpose of obtaining or providing legal advice exempt from disclosure." This explanation is almost identical to the City's explanation in Block, allowing Shavlik to make a threshold determination about whether the claimed exemption is valid.

Shavlik's argument regarding missing page numbers implies that the City withheld information from the requested e-mail, and failed to include those withholdings in the exemption log. The March 2, 2009 e-mail string that the City produced includes consecutive pages numbered "1" and "6."

Meyers stated in his declaration that he viewed the e-mail in both native and PDF formats, and that there is no missing information in the PDF version. The original e-mail has no page numbers, and he "cannot explain definitively" why the page numbers in the PDF version "go from [one to six]." He observed,

> It is possible that several sheets of paper were stuck together and the printer interpreted the second page as the sixth. It is my understanding from the sworn testimony of former Mayor Joe Beavers, who I have worked with for approximately [10] years, that the City's former copier often skipped pages and had to be replaced in August of 2009. This could very well explain the numbering discrepancy.

Nonetheless, he maintained that "[t]here would not have been a page [two, three, four, or five] printed out because there is no further information in the e[-]mail that would have printed on those pages." Jones also verified that there is no missing information or record that was withheld from disclosure.[5]

Shavlik did not provide any evidence to contradict Meyers and Jones's declarations that there is no missing information in the PDF version. Having seen both versions of the email, the trial court was in a position to determine factually whether the version provided to Shavlik was missing information compared to the version viewed in camera. Thus, there is no genuine dispute of material fact as to whether the City failed to include any withholdings in its exemption log. The City's exemption log was adequate.

---

[5] For the trial court's in camera review, the City provided it with a sealed envelope containing an unredacted copy of the e-mail. There was no exhibit in the record on review, but because the e-mail was contained in an envelope, we presume that the trial court reviewed the e-mail in paper, not native, format.

Accordingly, the trial court did not err in granting the City summary judgment on this issue.[6]

We affirm.

_Appelwick, CJ_

WE CONCUR:

_Verellen, J._                _Smith, J._

---

[6] Shavlik requests "fees, cost[s], and expenses associated with her appeal." "A prevailing party may recover attorney fees only if provided by statute, agreement, or equitable principles." Tacoma Northpark, LLC v. NW, LLC, 123 Wn. App. 73, 84, 96 P.3d 454 (2004). Because Shavlik does not prevail on appeal, we deny her request.